IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID PIERGROSSI,               :
                                :
        Plaintiff,              :        Civil Action No. 17-01575
                                :
        v.                      :        Magistrate Judge Maureen P. Kelly
                                :
DR. PAUL NOEL and               :
DR. MICHAEL HERBIK,             :
                                :        Filed via Electronic Case Filing
        Defendants.             :

**APPENDIX TO DOC DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT**

Exhibit A:   Grievance Policy, DC-ADM 804

Exhibit B:   Declaration of Rhonda House

Exhibit C:   Grievance Chart

Exhibit D:   Grievance no. 665565

Exhibit E:   Grievance no. 672757

                        Respectfully submitted,
                        Office of General Counsel

                By:     /s/ Kelly J. Hoke
                        Kelly J. Hoke
                        Assistant Counsel
                        Attorney I.D. No. 202917
                        Pennsylvania Department of Corrections
                        Office of Chief Counsel
                        1920 Technology Parkway
                        Mechanicsburg, PA  17050
                        (717) 728-7749
Dated: February 1, 2018 Email: kelhoke@pa.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID PIERGROSSI,                    :
                                     :
    Plaintiff,               :    Civil Action No. 17-01575
                                     :
    v.                       :    Magistrate Judge Maureen P. Kelly
                                     :
DR. PAUL NOEL and                    :
DR. MICHAEL HERBIK,                  :
                                     :    Filed via Electronic Case Filing
    Defendants.              :

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing appendix has been filed electronically and is available for viewing and downloading from the ECF system by Bret Grote and Louis J. Kroeck, IV, counsel for Plaintiff, and therefore satisfies the service requirements under *Fed.R.Civ.P. 5(b)(2)(E); L.Cv.R. 5.6.*

> /s/Shelly R. Holley
> Shelly R. Holley
> Legal Assistant
> Pennsylvania Department of Corrections
> Office of Chief Counsel
> 1920 Technology Parkway
> Mechanicsburg, PA  17050
> (717) 728-7763

Dated:  February 1, 2018



EXHIBIT



| | |
|---|---|
| **POLICY STATEMENT**<br>**Commonwealth of Pennsylvania • Department of Corrections** | |

| Policy Subject: | Policy Number: |
|---|---|
| **Inmate Grievance System** | **DC-ADM 804** |

| Date of Issue: | Authority: | Effective Date: |
|---|---|---|
| **April 27, 2015** | **Signature on File**<br>**John E. Wetzel** | **May 1, 2015** |

## I.   AUTHORITY

The Authority of the Secretary of Corrections to direct the operation of the Department of Corrections is established by Sections 201, 206, 506, and 901-B of the Administrative Code of 1929, 71 P.S. §§61, 66, 186, and 310-1, Act of April 9, 1929, P.L. 177, No. 175, as amended.

## II.   APPLICABILITY

This policy is applicable to all facilities operated under the jurisdiction of, or conducting business with the Department of Corrections, Department employees, volunteers, contract personnel, visitors and inmates.

## III.   POLICY

It is the policy of the Department that every individual committed to its custody shall have access to a formal procedure through which to seek resolution of problems or other issues of concern arising during the course of confinement. For every such issue, there shall be a forum for review and two avenues of appeal. The formal procedure shall be known as the Inmate Grievance System.[1]

---

[1] 4-4281, 4-4284, 4-4394, 4-ACRS-6B-03

IV.  **PROCEDURES**

All applicable procedures are contained in the procedures manual that accompanies this policy document.

V.  **SUSPENSION DURING AN EMERGENCY**

In an emergency or extended disruption of normal facility operation, the Secretary/designee may suspend any provision or section of this policy for a specific period.

VI.  **RIGHTS UNDER THIS POLICY**

This policy does not create rights in any person nor should it be interpreted or applied in such a manner as to abridge the rights of any individual.  This policy should be interpreted to have sufficient flexibility to be consistent with law and to permit the accomplishment of the purpose(s) of the policies of the Department of Corrections.

VII.  **RELEASE OF INFORMATION AND DISSEMINATION OF POLICY**

  A.  **Release of Information**

   1.  Policy

      This policy document is public information and may be released upon request.

   2.  Confidential Procedures (if applicable)

      Confidential procedures for this document, if any, are <u>not public information</u> and may not be released in its entirety or in part, without the approval of the Secretary of Corrections/designee. Confidential procedures may be released to any Department of Corrections employee on an as needed basis.

  B.  **Distribution of Policy**

   1.  General Distribution

      The Department of Corrections' policy and procedures shall be distributed to the members of the Central Office Executive Staff, all Facility Managers, and Community Corrections Regional Directors on a routine basis.  Distribution of confidential procedures to other individuals and/or agencies is subject to the approval of the Secretary of Corrections/designee.

   2.  Distribution to Staff

      It is the responsibility of those individuals receiving policies and procedures, as indicated in the "General Distribution" section above, to ensure that each employee

expected or required to perform the necessary procedures/duties is issued a copy of the policy and procedures either in hard copy or via email, whichever is most appropriate.

## VIII. SUPERSEDED POLICY AND CROSS REFERENCE

### A. Superseded Policy

1. Department Policy

   DC-ADM 804, Inmate Grievance System, issued March 31, 2014, by Secretary John E. Wetzel.

2. Facility Policy and Procedures

   This document supersedes all facility policy and procedures on this subject.

### B. Cross Reference(s)

1. Administrative Manuals

   a. DC-ADM 001, Inmate Abuse Allegation Monitoring;

   b. DC-ADM 006, Reasonable Accommodations for Inmates with Disabilities;

   c. DC-ADM 008, Prison Rape Elimination Act (PREA);

   d. DC-ADM 801, Inmate Discipline;

   e. DC-ADM 802, Administrative Custody procedures;

   f. 3.1.1, Fiscal Administration; and

   g. 6.3.1, Facility Security;

2. ACA Standards

   a. Adult Correctional Institutions: 4-4016, 4-4281, 4-4284, 4-4301, 4-4394, 4-4429

   b. Adult Community Residential Services: 4-ACRS-6B-01, 4-ACRS-6B-03, 4-ACRS-7D-36

   c. Correctional Training Academies: None

**Section 1 – Grievances & Initial Review**

**A. Filing of an Initial Grievance**

1. The Department encourages an inmate to express his/her concerns to staff through respectful, constructive, written, or oral communication so that problems are resolved as soon as possible.[1]

2. The Inmate Grievance System is intended to deal with a wide range of issues, procedures, or events that may be of concern to an inmate. It is not meant to address incidents of an urgent or emergency nature including allegations of sexual abuse. Any allegation of a sexual nature (abuse/harassment) against a staff member or inmate-on-inmate sexual **must** be addressed through Department policy **DC-ADM 008, "Prison Rape Elimination Act (PREA)."** When faced with an incident of an urgent or emergency nature, the inmate shall contact the nearest staff member for immediate assistance.

3. An inmate is encouraged to attempt resolution of a concern informally by use of a **DC-135A, Inmate Request to Staff Member** or direct conversation with the Unit Manager or Officer-in-Charge prior to submitting a **DC-804, Part 1, Official Inmate Grievance Form (Attachment 1-A)**. This is not required in cases of allegations of *physical or sexual abuse*.

   a. A staff member who receives an oral or written concern from an inmate is expected to attempt to resolve the concern if possible.

   b. It is encouraged, when possible, to resolve every concern quickly and informally.

   c. If the staff member is not the appropriate person to resolve the concern raised by the inmate, he/she should be referred to the appropriate staff member.

   d. The Unit Manager or Officer-in-Charge shall document the result of the resolution, including each party involved, in the Inmate Cumulative Adjustment Record (ICAR).

4. While an inmate should make every effort to resolve a concern informally prior to filing an official grievance, failure to attempt to informally resolve a concern will not be cause to reject an official grievance. However, if an attempt was made to resolve the concern informally, this information should be included in **Section B** of the DC-804, Part 1.

5. When an inmate has a concern that he/she is unable to resolve, the inmate must submit his/her grievance to the Facility Grievance Coordinator/designee using the **DC-804, Part 1.**

   a. **DC-804, Part 1** forms shall be readily available on every housing unit as well as in the main and mini-law libraries.

---

[1] 4-4016

Issued: 1/26/2016
Effective: 2/16/2016

b. Each copy of the **DC-804, Part 1** form, with the exception of the inmate's copy (GOLDENROD), shall be forwarded to the Facility Grievance Coordinator/designee who will determine whether the grievance will be accepted or rejected.

6. A grievance regarding an allegation of a sexual nature (abuse/harassment) against a staff member or inmate-on-inmate sexual *abuse* will not be addressed through the Inmate Grievance System and must be addressed through Department policy **DC-ADM 008**, *in accordance with Subsection C.4.b. below*. These allegations are taken seriously by the Department and must and will be investigated to make sure that inmates are safe in the facilities. If a grievance is filed *against a staff member* regarding an allegation of a sexual nature (abuse/harassment) or inmate-on-inmate sexual *abuse*, the grievance will be immediately forwarded to the Security Department as well as the PREA Compliance Manager in accordance with Department policy **DC-ADM 008** to start an investigation *and will not be addressed through the Inmate Grievance System*.

7. Issues concerning a specific inmate misconduct charge, *conduct of hearing, statements written within a misconduct and/or other report,* a specific disciplinary sanction, and/or the reasons for placement in administrative custody will not be addressed through the Inmate Grievance System and must be addressed through Department policy **DC-ADM 801, "Inmate Discipline"** and/or **DC-ADM 802, "Administrative Custody Procedures."** *Issues other than specified above must be addressed through the Inmate Grievance System.*

8. The inmate must submit a grievance to the Facility Grievance Coordinator/designee, usually the Superintendent's Assistant, within 15 working days after the event upon which the claim is based.

9. A grievance must be filed with the Facility Grievance Coordinator/designee at the facility where the grievance event occurred.

10. The inmate must sign and date the grievance with his/her commitment name and number only, without reference to the UCC, aliases, etc.

11. The text of the grievance must be legible, understandable, and presented in a courteous manner. The inmate must include a statement of the facts relevant to the claim.

    a. The statement of facts shall include the date, approximate time, and location of the event(s) that gave rise to the grievance.

    b. The inmate shall identify individuals directly involved in the event(s).

    c. The inmate shall specifically state any claims he/she wishes to make concerning violations of Department directives, regulations, court orders, or other law.

    d. If the inmate desires compensation or other legal relief normally available from a court, the inmate must request the specific relief sought in his/her initial grievance.

1-2

12. The statement of facts must not exceed two pages and must be handwritten or typed on writing paper (one **DC-804, Part 1** and one one-sided 8 ½" x 11" page).

13. An inmate who has been personally affected by a Department and/or facility action or policy will be permitted to submit a grievance.

14. Any grievance based on separate events must be presented separately, unless it is necessary to combine the issues to support the claim.

15. Any grievance issue that has been or is currently being addressed will not be re-addressed in a subsequent grievance. Any concern disputing previous grievances, *initial review responses*, appeal decisions, or *actions of* staff members who rendered those decisions should be addressed through the appeal process outlined in **Section 2** of this procedures manual.

16. Each grievance must be presented individually. A grievance submitted by one inmate for another inmate or a group of inmates is prohibited and will not be processed.

17. An inmate filing a grievance related to a claim of missing property must provide documentation such as a **DC-153A, Personal Property Inventory Sheet**; **DC-154A, Confiscated Items Receipt**; or a *Commissary/Outside Purchase Form* for evidence or proof that the property items were once in his/her possession. Failure to do so may result in the rejection of the grievance.

18. *A grievance related to a publication/photograph denial must include a copy of the Notice of Incoming Publication Form in accordance with Department policy DC-ADM 803, "Inmate Mail and Incoming Publications."*

19. An inmate filing a grievance contesting the accuracy of the **Notification of Deductions Memo** and/or the **Notification of Amended Deductions Memo** of Department policy **DC-ADM 005, "Collection of Inmate Debts,"** must provide valid, official court documentation proving that:

   a. the financial obligations have previously been paid;

   b. the information submitted on the official court documents by the Clerk of Courts was incorrect;

   c. for a sentencing occurring prior to December 26, 2010, the sentencing judge did not impose court costs;

   d. for a sentencing occurring on or after December 26, 2010, the sentencing judge specifically waived court costs;

   e. in the case of an obligation for restitution, reparation, fines, or penalties, the sentencing court did not specifically order you to pay such obligation regardless of the date of sentence;

Issued: 1/26/2016
Effective: 2/16/2016

  f. a more recent court order removed or postponed the financial obligations;

  g. the financial obligations are not currently due under the terms of the court order;

  h. the Crime Victim Compensation/Victim's Services Fee was not computed in accordance with law;

  i. the court costs are related to an adjudication of delinquency, and you have attained the age of 21. If you are not yet 21, and are paying these fees, you should notify the Business Office on your 21st birthday; or

  j. you do not owe the financial obligations for any other reason.

   **NOTE:** Failure to provide any of the above with your grievance may result in rejection of your grievance.

20. If a grievance is rejected, the grievance may be re-submitted, using the same grievance number, within five working days of the rejection notice date. A rejected grievance may only be re-submitted one time.

21. ***An inmate may appeal the rejected grievance to the Facility Manager in accordance with Section 2 of this procedures manual.***

22. In a case involving personal property, the inmate must clearly notify the Facility Manager or Facility Grievance Coordinator/designee to retain the property pending completion of the grievance process, including any appeal. This notification can be made within the initial grievance.

23. ***For cases regarding confiscated contraband, destruction of the property shall only occur after the appeal process has been exhausted.***

24. No inmate shall be punished, retaliated against, or otherwise harmed for use of the grievance system.[2]

25. At any point in the grievance process, the inmate may withdraw the grievance.

  a. To withdraw a grievance, an inmate must use and sign the **Grievance Withdrawal Form (Attachment 1-B)**, identify the grievance to be withdrawn by number, the reason why the grievance was withdrawn, and forward the form to the Facility Grievance Coordinator/designee.

  b. The Facility Grievance Coordinator/designee will forward a copy of the **Grievance Withdrawal Form** to the inmate's counselor.

---

[2] 4-4281

Issued: 1/26/2016
Effective: 2/16/2016

    c. The inmate's counselor will meet with the inmate to verify that the grievance was resolved and that the withdrawal was appropriate.

    d. The counselor will sign the **Grievance Withdrawal Form** and forward it to the Facility Grievance Coordinator/designee.

    e. Once a grievance is withdrawn, the inmate cannot then proceed to appeal to either the Facility Manager or Final Review.

26. Any document(s) attached in support of a grievance becomes part of the official record and will not be returned. The inmate should make copies of the supporting documents prior to submitting to the Facility Grievance Coordinator/designee for use in any subsequent appeals. If copies are needed, the procedures outlined in Department policy **DC-ADM 003, "Release of Information"** *must* be followed.

27. A grievance cannot be filed after parole or release from incarceration.

28. An inmate transferred to a county facility or other state must use the grievance system at that facility regarding any issue that arises at that facility.

## B. Where to Place a Grievance

1. Each Facility Manager/designee shall ensure that a fixed lock-box designated for inmate grievances is on each general population housing unit, *all Level 5 Housing Units, Specialized Housing Units, and Inmate Dining Halls*.

2. *Each lock-box shall be clearly labeled "grievances" and the inmate shall be permitted to place grievances in these lock-boxes.*

3. General Population Housing Units

   The Facility Grievance Coordinator/designee will be responsible for the key and retrieval of the lock-box contents each work day.

4. Level 5 Housing Units *and/or Specialized Housing Units*

       a. The lock-box shall be placed in a location easily accessible to an inmate being escorted to an individual exercise unit and/or shower.

       b. If an inmate chooses not to go to an individual exercise unit and/or shower, he/she may have a staff member place the grievance in the lock-box.

       c. The Facility Grievance Coordinator is responsible for the key and retrieval of the lock-box contents each work day.

5. Inmate Dining Halls

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 1 – Grievances & Initial Review*

    a. This lock-box is for inmates to place their inmate grievances in which the Facility Grievance Coordinator is the only staff member to collect these grievance forms.

    b. The Facility Grievance Coordinator is responsible for the key and the retrieval of the contents of the lock-box each work day.

## C. Initial Review

1. The Facility Grievance Coordinator/designee shall assign a grievance tracking number to every grievance (even a rejected grievance) upon receipt and enter every grievance into the Automated Inmate Grievance Tracking System.

    a. The Facility Grievance Coordinator/designee shall enter the date the grievance was received, a summary or description of the grievance subject matter, and the category.

    b. The Facility Grievance Coordinator/designee may combine multiple grievances from the same inmate that relate to the same subject.

2. A time extension for filing a grievance will be considered on a case-by-case basis. The inmate must notify the Facility Grievance Coordinator/designee of the reason for the delay. The Facility Grievance Coordinator/designee will consider the reason given and also consider if the delay was caused by:

    a. a temporary transfer from the facility where the grievance should have been filed;

    b. a permanent transfer to another facility from the facility where the grievance should have been filed;

    c. Authorized Temporary Absence (ATA) for an extended period;

    d. another delay with mail delivery; or

    e. any other reason the Facility Grievance Coordinator/designee deems appropriate.

**NOTE:** If it is determined that a delay was caused by a circumstance listed above, a reasonable extension of time for filing shall be permitted.

3. If the Facility Grievance Coordinator/designee determines that the grievance is properly submitted according to this procedures manual, the Facility Grievance Coordinator/designee will designate a staff member to serve as the Grievance Officer for that grievance. The staff member who serves as the Grievance Officer shall not be directly involved *in* or named as the subject of the grievance in **Section A and/or B** of the **DC-804, Part 1**.

**NOTE:** The PINK copy of the **DC-804, Part 1** form will be returned to the inmate acknowledging acceptance of the grievance.

Issued: 1/26/2016
Effective: 2/16/2016

4. If the Facility Grievance Coordinator/designee determines that the grievance is not properly submitted according to this procedures manual, it shall be rejected and returned to the inmate with a **Grievance Rejection Form (Attachment 1-C)** enumerating the reason(s) the grievance was rejected.

   a. When rejected, the entire grievance packet will be returned to the inmate along with any exhibits. The Facility Grievance Coordinator/designee will retain one photocopy of the grievance *and any exhibits*.

   b. When the grievance is in regards to Department policy **DC-ADM 008**, the Facility Grievance Coordinator/designee shall do the following:

      (1) immediately forward a copy of the grievance to the Security Office to be investigated in accordance with Department policy **DC-ADM 008** as well as to the PREA Compliance Manager; and

      (2) the rejection notice to the inmate shall state: *"Sexual abuse is taken seriously by the Department of Corrections. Any allegations of a sexual nature (abuse/harassment) against a staff member or inmate-on-inmate sexual **abuse** must be investigated to make sure that inmates are safe in this facility. This grievance is being forwarded to the Security Office and the PREA Compliance Manager for initiation of an investigation."*

5. The Grievance Officer shall:

   a. submit his/her proposed response to the Facility Grievance Coordinator/designee prior to distribution to the inmate;

   b. the response shall be typed on the **Initial Review Response Form (Attachment 1-D)**;

   c. the response shall include a brief rationale summarizing the conclusion and any action taken or recommended to resolve every issue raised as well as any requested relief;

   d. if a policy is being cited within the initial review response, the specific policy number, section, etc., must be included;

   e. the response must include one of the following dispositions: Uphold Inmate, Grievance Denied or Uphold in Part/Deny in Part;

   f. if the grievance is deemed frivolous, the response must include a statement setting forth the reason(s);

   g. the response shall be provided to the inmate within 15 working days from the date the grievance was entered into the Automated Inmate Grievance Tracking System; and

Issued: 1/26/2016
Effective: 2/16/2016

    h.  an extension of ten additional working days may be requested from the Facility Grievance Coordinator/designee if the investigation of the grievance is ongoing.

6.  The Facility Grievance Coordinator/designee shall:

    a.  review the proposed response from the Grievance Officer for consistency with policy and procedures;

    b.  if further review is required, the response will be returned to the Grievance Officer;

    c.  if the proposed response is approved, the Facility Grievance Coordinator/designee shall initial the response and return it to the Grievance Officer for distribution to the inmate;

    d.  once the Grievance Officer's response is complete, the date of the response and a summary of the Grievance Officer's decision should be entered into the Automated Inmate Grievance Tracking System; and

    e.  if an extension is granted to the Grievance Officer, ***the extension must be entered into the Automated Inmate Grievance Tracking System and*** the inmate must be notified in writing using the **Extension Form (Attachment 1-E)**.

7.  A grievance filed against Parole and/or Central Office staff should not be rejected, except for non-policy compliant reasons. If necessary, Parole and/or Central Office staff can be contacted by the facility to supply information needed for the Grievance Officer to provide a complete response. It should be noted that there may be circumstances in which facility staff cannot address a parole issue. If this occurs, the Grievance Officer should provide a response to the inmate which includes an address and/or contact person from Parole to whom the inmate can direct their issue and/or concern.

## D. Allegation of Abuse Grievances

1.  This section does not apply to allegations of a sexual nature (abuse/harassment) against a staff member and/or inmate-on-inmate sexual *abuse*. These allegations will be handled in accordance with **Subsection A.6. above** and Department policy **DC-ADM 008**.

2.  A grievance dealing with allegations of abuse shall be handled in accordance with Department policy **DC-ADM 001, "Inmate Abuse."**

3.  This may extend the time for responding to the grievance, but will not alter the inmate's ability to appeal upon his/her receipt of the initial review response.

4.  When a grievance is related to an allegation of abuse, the Facility Grievance Coordinator/designee will issue an **Extension Notice** to the inmate by checking the box "Notice of Investigation" *on the Extension Form.*

Issued: 1/26/2016
Effective: 2/16/2016

5.  The initial review response will be completed by the assigned Grievance Officer *after* the results from the Office of Special Investigations and Intelligence (OSII) are received.

6.  If a grievance dealing with allegations of abuse is rejected, the Facility Grievance Coordinator/designee shall:

    a.  immediately forward a copy of the grievance to the Security Office to be investigated in accordance with Department policy **DC-ADM 001**; and

    b.  the rejection notice to the inmate shall include a statement informing the inmate that his/her grievance was forwarded to the Security Office for investigation in accordance with Department policy **DC-ADM 001**.

E.  **Access to Grievances for Special Populations**

    1.  Pursuant to Department policy **DC-ADM 006, "Reasonable Accommodations for Inmates with Disabilities,"** the Department shall ensure that inmates with disabilities have an equal opportunity to use the grievance system.

    2.  Written materials will either be delivered in alternative formats that accommodate the inmate's disability or the information will be delivered through alternative methods, such as reading it to the inmate or communicating through an interpreter, which ensure the understanding of the grievance process and material.

    3.  The Facility Grievance Coordinator/designee will ensure that only staff members, not involved in the grievance, are providing translation for inmates. If a multi-lingual staff member is not available, *then a current contracted translation service must* be utilized.

    4.  Timeline extensions shall be granted in order to secure these services.

Issued: 1/26/2016
Effective: 2/16/2016

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS**

| FOR OFFICIAL USE |
| --- |
| GRIEVANCE NUMBER |

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
| --- | --- | --- |
| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8 ½" x 11" page). State all relief that you are seeking.




B. List actions taken and staff you have contacted, before submitting this grievance.


Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____          _____
Signature of Facility Grievance Coordinator                          Date

WHITE Facility Grievance Coordinator Copy     CANARY File Copy     PINK Action Return Copy
GOLDEN ROD Inmate Copy

## GRIEVANCE WITHDRAWAL
(Facility)
(Address)

This serves to acknowledge receipt of recent communication indicating your desire to withdraw the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System," the Facility Grievance Coordinator will withdraw this grievance in response to your request.

| Inmate Name: | | Inmate Number: | |
|---|---|---|---|
| Facility: | | Date: | |
| Grievance: | | | |

| Action: | Withdrawal |
|---|---|

| Inmate's Signature: | | Grievance Officer's Signature: | |
|---|---|---|---|
| Grievance Officer's Title: | | | |
| Date: | | | |

| Counselor's Name: | | Date: | |
|---|---|---|---|
| Withdraw Verified: | ☐ Yes ☐ No | | |
| Comments: | | | |

cc:   Facility Grievance Coordinator
      Grievance Officer
      DC-15
      File

## Section 2 – Appeals

### A. Appeal to Facility Manager

1.  Inmate Responsibilities

    a.  An inmate may appeal an initial review response/rejection to the Facility Manager in writing, within 15 working days from the date of the initial review response/rejection.

    b.  The initial review response/rejection from the Facility Grievance Coordinator/designee must be received by the inmate before any appeal to the Facility Manager can be sought.

    c.  Only an issue that was raised for initial review, determination of frivolousness, and/or rejection may be appealed. An issue raised for Initial review and determination of frivolousness must be raised for appeal at the same time.

    d.  Each appeal must:

        (1)  be clearly labeled as an appeal at the top of the document;

        (2)  include the grievance number at the top of the document;

        (3)  be legible, understandable, and presented in a courteous manner;

        (4)  not exceed two pages (two one-sided or one double-sided 8 ½" x 11" page);

        (5)  contain reason(s) for appealing the initial review response/rejection;

        (6)  be handwritten or typed on writing paper or submitted on the **Inmate Appeal to the Facility Manager Form (Attachment 2-A);**

        (7)  if the inmate is appealing a determination of frivolousness, he/she must clearly indicate that he/she is appealing that determination; and

        (8)  only one appeal of any initial review response/rejection is permitted.

    e.  Failure to comply may result in the appeal being dismissed.

    f.  Any document(s) attached in support of a grievance appeal, ***including the appeal itself,*** becomes part of the official record and will not be returned. The inmate should make copies of the ***appeal, and*** supporting documents, including any facility documents, prior to submission to the Facility Manager for any subsequent appeals.

2-1

2. Staff Responsibilities

a. The appeal must be addressed by the Facility Manager/designee. The Grievance Officer, ***and/or a staff member involved in or named as the subject of the grievance*** may not be designated to address the appeal.

b. The Facility Manager/designee will determine whether the appeal is in accordance with this procedures manual. If the appeal is determined to be in accordance with these procedures, the Facility Grievance Coordinator/designee will enter the date the appeal was received into the Automated Inmate Grievance Tracking System.

c. A time extension for filing ***an appeal*** will be considered on a case by case basis. The inmate must notify the Facility Manager of the reason for the delay. The Facility Manager/designee will consider the reason given and also consider if the delay was caused by:

   (1) a temporary transfer from the facility where the grievance should have been filed;

   (2) a permanent transfer to another facility from the facility where the grievance should have been filed;

   (3) Authorized Temporary Absence (ATA) for an extended period;

   (4) another delay with mail delivery; and

   (5) any other reason the Facility Manager/designee deems appropriate.

   **NOTE:** If it is determined that a delay was caused by a circumstance listed above, a reasonable extension of time for filing shall be permitted.

d. The Facility Manager/designee shall:

   (1) notify the inmate using the **Facility Manager's Appeal Response (Attachment 2-B)** of his/her decision within 15 working days of receiving the appeal;

   (2) one of the following dispositions must appear on the appeal response: Uphold Response, Uphold Inmate, Dismiss/Dismiss Untimely or Uphold in Part/Deny in Part;

   (3) a brief statement of the reason(s) for the decision must be included. All appeal points raised by the inmate shall be addressed including the determination of frivolousness of appealed;

   (4) the Facility Manager/designee may authorize an extension of up to ten additional working days if the investigation of the appeal is ongoing. If an extension is

2-2

necessary, the inmate shall be advised in writing using the **Extension Form (Attachment 1-E)**; and

    (5)    alternatively, the Facility Manager/designee may remand the initial review response/rejection to the Grievance Officer for further investigation and/or reconsideration.

e.  Remand

    (1)    When the Facility Manager/designee remands a grievance, notification of the remanded grievance will be provided to the Grievance Officer on the **Remand Grievance – Notice to Grievance Officer (Attachment 2-C)**.

    (2)    Notification of the remanded grievance will also be provided to the inmate on the **Remand Grievance – Notice to Inmate (Attachment 2-D)**.

    (3)    The Grievance Officer shall respond to the inmate within 15 working days.

    (4)    The revised response shall be returned to the Facility Manager/designee for review prior to sending it to the inmate.

    (5)    The inmate may again appeal to the Facility Manager within 15 working days from the date of the revised initial review response.

    (6)    The determination to remand the initial review response/rejection may not be appealed or made the subject of a new grievance.

f.  The Facility Grievance Coordinator/designee shall enter the date and a summary of the Facility Manager/designee's decision into the Automated Inmate Grievance Tracking System.

g.  Personal property related to a grievance shall not be disposed of if the inmate notifies the Facility Manager/designee or Facility Grievance Coordinator/designee to retain the property as required in **Section 1** of this procedures manual. If notification is given, the property related to the grievance shall be placed in a safe location until final disposition is made by the Secretary's Office of Inmate Grievances and Appeals (SOIGA). The inmate will have 20 working days from the date the final SOIGA decision is received to notify the Facility Grievance Coordinator/designee in writing with his/her signature that he/she intends to file a court action relating to the confiscated property. The subject property will be labeled to indicate that it is being held pending possible further legal action and will note the expiration date of the 20 working days. If no notice in writing signed by the inmate is given to the Facility Grievance Coordinator/designee by the end of the 20 working days, the inmate will be told to decide whether the property is to be shipped or destroyed. When the final court proceeding is concluded, the inmate shall, within 20 working days, notify the Facility Grievance Coordinator/designee in writing that the lawsuit is concluded and whether the property is to be shipped or destroyed. Any refusal or failure to select an option

2-3

will be documented by the Property Officer and will result in the property being destroyed. If the option to have the property shipped is chosen, the property will be shipped at the inmate's expense. An inmate's failure to communicate the final court disposition to the Facility Grievance Coordinator/designee within 20 working days may result in the property being destroyed with no notice to the inmate.

**B. Appeal to Final Review**

1. Inmate Responsibilities

   a. The decision from the appeal to the Facility Manager/designee must be received by the inmate before an appeal to Final Review can be sought.

   b. Any inmate who is dissatisfied with the disposition of an appeal from the Facility Manager/designee may submit an **Inmate Appeal to Final Review (Attachment 2-E)** within 15 working days from the date of the Facility Manager/designee's decision. Only issues *raised in the initial grievance and/or* appealed to the Facility Manager may be appealed to Final Review.

   c. A time extension for filing a grievance appeal to final review will be considered on a case by case basis. The inmate must notify the Chief Grievance Officer of the reason for the delay. The Chief Grievance Officer/designee will consider the reason given and also consider if the delay was caused by:

      (1) a temporary transfer from the facility where the grievance should have been filed;

      (2) a permanent transfer to another facility from the facility where the grievance should have been filed;

      (3) ATA for an extended period;

      (4) another delay with mail delivery; or

      (5) any other reason the Chief Grievance Officer/designee deems appropriate.

      **NOTE**: If it is determined that a delay was caused by a circumstance listed above, a reasonable extension of time for filing shall be permitted.

   d. An appeal to Final Review will not be permitted until the inmate has complied with all procedures established for Initial Review in accordance with **Section 1** of this procedures manual and for Appeal to the Facility Manager in accordance with **Subsection A. above**.

   e. Each appeal must:

      (1) be clearly labeled as an appeal at the top of the document;

2-4

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 2 – Appeals*

    (2)    include the grievance number at the top of the document;

    (3)    be legible, understandable, and presented in a courteous manner;

    (4)    not exceed two pages (two one-sided or one double-sided 8 ½" x 11"page);

    (5)    contain reason(s) for appealing the Facility Manager/designee's decision;

    (6)    be handwritten or typed on writing paper or submitted on the **Inmate Appeal to Final Review**;

    (7)    if the inmate is appealing a determination of frivolousness, he/she must clearly indicate that he/she is appealing that determination;

    (8)    only one grievance may be appealed on a piece of paper unless combined by the Facility Manager/designee; and

    (9)    only one appeal of any Facility Manager/designee's response is permitted.

f.    Failure to comply may result in the appeal being dismissed.

g.    An inmate filing an appeal related to a claim of missing property must provide documentation such as a **DC-153A, Personal Property Inventory Sheet; DC-154A, Confiscated Items Receipt; or a Commissary/Outside Purchase Form** for evidence or proof that property items were once in his/her possession. Failure to do so may result in dismissal of the appeal.

h.    An inmate filing a grievance contesting the accuracy of the Notification of Deductions Memo and/or the Notification of Amended Deductions Memo in accordance with Department policy **DC-ADM 005, "Collection of Inmate Debts,"** must provide valid, official court documentation proving that:

    (1)    the financial obligations have previously been paid;

    (2)    the information submitted on the official court documents by the Clerk of Courts was incorrect;

    (3)    for a sentencing occurring prior to December 26, 2010, the sentencing judge did not impose court costs;

    (4)    for a sentencing occurring on or after December 26, 2010, the sentencing judge specifically waived court costs;

    (5)    in the case of an obligation for restitution, reparation, fines or penalties, the sentencing court did not specifically order you to pay such obligation regardless of the date of sentence;

Issued: 1/26/2016
Effective: 2/16/2016

(6)   a more recent court order removed or postponed the financial obligations;

(7)   the financial obligations are not currently due under the terms of the court order;

(8)   the Crime Victim Compensation/Victim's Services Fee was not computed in accordance with law;

(9)   the court costs are related to an adjudication of delinquency, and you have attained the age of 21. If you are not yet 21, and are paying these fees, you should notify the business office on your 21st birthday; or

(10)   you do not owe the financial obligations for any other reason.

**NOTE:** Failure to provide any of the above with your grievance may result in your appeal being dismissed.

i.   Every appeal to Final Review must be addressed to the following:

**Chief, Secretary's Office of Inmate Grievances and Appeals**
**Department of Corrections**
**1920 Technology Parkway**
**Mechanicsburg, PA 17050**

Failure to properly address the appeal will delay the process.

j.   An inmate appealing a grievance to final review is responsible for providing the SOIGA with all required documentation relevant to the appeal. A proper appeal to final review must include:

(1)   a legible copy of the Initial Grievance;

(2)   a copy of the initial review response/rejection and/or remanded initial review response/rejection;

(3)   a legible copy of the Inmate Appeal to the Facility Manager;

(4)   a copy of the Facility Manager/designee's decision and/or remanded Facility Manager/designee's decision;

(5)   a written appeal to the SOIGA;

(6)   failure to provide any of the documentation noted above may result in the appeal being dismissed; and

(7)   the copies of the initial review response/rejection and the Facility Manager/designee's decision cannot be handwritten.

2-6

    k.  An indigent inmate as defined in Department policy **DC-ADM 803, "Inmate Mail and Incoming Publications,"** will be afforded copy service and legal postage up to a maximum of $10.00 per month and all money received in the inmate's account shall be used to pay for the cost of the copies and legal postage. A non-indigent inmate will incur copying charges in accordance with Department policy **3.1.1, "Fiscal Administration."**

    l.  Any documentation submitted in support of the appeal to final review will become part of the official record and will not be returned. The inmate should make copies of supporting documents, including facility documents, prior to submission to final review.

2.  Staff Responsibilities

    a.  The SOIGA will ensure that:

        (1)  an appeal to final review is responded to within 30 working days of receipt unless otherwise extended *and/or referred*;

        (2)  an appeal and response are properly maintained in the Automated Inmate Grievance Tracking System; and

        (3)  the Chief of SOIGA may authorize an extension of up to ten additional working days if the investigation of the appeal is ongoing. If an extension is necessary, the inmate shall be advised in writing using the **Extension Form (Attachment 1-E)**.

    b.  Upon request, the Facility Manager/designee will forward to the SOIGA a copy of any formal investigation related to a grievance.

    c.  The SOIGA will review the **DC-804, Part 1**, the initial review response/rejection, the **Inmate Appeal to the Facility Manager**, the Facility Manager/designee's response, any investigative report(s), any attached exhibits and the **Appeal to Final Review**.

    d.  Upon completion of the review, SOIGA will respond directly to the inmate in all cases using the **Final Appeal Decision (Attachment 2-F)** or the **Final Appeal Decision Dismissal (Attachment 2-G)**. If the inmate is released/paroled, he/she must provide a forwarding address to SOIGA. SOIGA will forward the final review response to the address provided or, if no address is provided, to the last address of record for the inmate.

    e.  SOIGA will issue a decision with one of the following dispositions: Uphold Response, Uphold Inmate, Dismiss, or Uphold in Part/Deny in Part.

        (1)  The Chief/designee, SOIGA, shall notify the inmate and the Facility Manager of the decision and rationale.

Issued: 1/26/2016
Effective: 2/16/2016

(2)   If the decision consists of amending or remanding the grievance *response*, or if the decision is to uphold the inmate or uphold the inmate in part, the appropriate *Regional* Deputy Secretary shall also be notified.

(3)   In any instance where a determination of frivolousness is overturned, the Facility Grievance Coordinator shall also be notified.

(4)   Alternatively, the Chief Grievance Officer/designee may remand the grievance to the Facility Manager for further investigation/reconsideration and/or may review/refer an appeal with/*to* a different bureau.

f.   Referrals

(1)   When an appeal is referred to a bureau for review (health care issues with the Bureau of Health Care Services (BHCS), education issues with the Bureau of Correction Education (BCE), etc.) notification of the referral will be provided to the appropriate bureau on the **Grievance Referral (Request to Bureau/Office) (Attachment 2-H)**.

(2)   Notification of the referred grievance will be provided to the inmate on the **Grievance Referral (Notice to Inmate) (Attachment 2-I)**.

(3)   This review/referral may result in an extension to the time for issuing a final review response to the inmate.

(4)   Once a response from the relevant bureau is received by the SOIGA, a final review response will be issued to the inmate.

g.   Remand

(1)   When an appeal is remanded to the facility for further review notification of the remanded grievance will be provided to the Facility Manager/designee on the **Remand Grievance (Notice to Facility Manager) (Attachment 2-J)**.

(2)   Notification of the remanded grievance will also be provided to the inmate on the **Remand Grievance (Notice to Inmate) (Attachment 2-K)**.

(3)   Once the investigation is completed, the Facility Manager/designee will provide a revised response to the inmate, with a copy to the Chief of SOIGA, within 15 working days.

(4)   If the inmate is dissatisfied with the revised response, he/she may appeal to final review again within 15 working days of the date of the revised response.

(5)   *Once an appeal to a remanded grievance is received at final review, the SOIGA will have 30 working days in which to complete a response.*

Issued: 1/26/2016
Effective: 2/16/2016

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 2 – Appeals*

    (6)    The determination to remand the grievance may not be made the subject of a new grievance.

h.  The Chief, SOIGA, in consultation with the Secretary, shall take any action deemed necessary to ensure the integrity of this policy. This includes, but is not limited to:

    (1)    prohibiting the transfer of an inmate until the grievance procedure has been completed, including the appeal process; and

    (2)    lifting a previously imposed grievance restriction.

i.  The Chief, SOIGA/designee shall notify the Facility Manager in those cases where the suspension of an inmate's transfer is being considered pending the disposition of the appeal process.

j.  If an inmate who has filed a grievance is transferred, paroled, or released prior to the appeal process being completed, the inmate may continue to pursue the grievance or appeal by notifying the Facility Manager of the facility where the grievance was originally filed. Adjustments shall be made to the various time limitations in order to allow for review.

**C.  Appeal of Publication or Photograph Denial**

1.  *As set forth in Department policy DC-ADM 803, an inmate may appeal the denial of a publication/photograph by filing a grievance under the provisions of this procedures manual.*

2.  *In order to appeal the Incoming Publication Review Committee's (IPRC) denial of a publication/photograph, the inmate must:*

    a.  *address his/her publication/photograph appeal to the Facility Manager on a DC-804, Part 1 within 15 working days from the date of the Notice of Incoming Publication Denial; and*

    b.  *include a copy of the Notice of Incoming Publication Denial Form in accordance with Department policy DC-ADM 803, disapproving the publication/photograph.*

3.  *Publication/Photograph Appeal at the Initial Level/Staff Responsibilities*

    a.  *When an inmate files an appeal to the denial of a publication/photograph, the Facility Grievance Coordinator/designee shall assign a grievance tracking number to the publication/photograph appeal.*

    b.  *The Facility Manager/designee shall:*

Issued: 1/26/2016
Effective: 2/16/2016

      (1)  *review the publication/photograph appeal in addition to the Notice of Incoming Publication Denial Form and the publication/photograph and complete a response within 15 working days of receiving the appeal; and*

      (2)  *include the grievance tracking number and the name of the publication/photograph (or other description) in his/her response to the inmate.*

4. *Publication/Photograph Appeal to SOIGA*

   a.  *An inmate appealing a publication/photograph disapproval to Final Review is responsible for providing SOIGA with all required documentation relevant to the appeal. A proper publication/photograph appeal to Final Review must include a copy of the Notice of Incoming Publication Denial Form, appeal to the Facility Manager, the Facility Manager/designee's decision, and a written appeal to Final Review.*

   b.  *Failure to provide the proper documentation may result in the final appeal being dismissed.*

   c.  *SOIGA will refer the grievance appeal challenging the denial of a publication for content reasons to the Office of Policy, Grants, and Legislative Affairs for review.*

**D. State Intermediate Punishment (SIP) Appeals**

1. A SIP participant may appeal an expulsion from the SIP program by filing a grievance to the Facility Grievance Coordinator of the facility housing the inmate within ten days of the date of the expulsion letter. The Facility Grievance Coordinator/designee will assign the grievance a number and email it to "CR, SIP Appeals/Grievance" for review and response in accordance with **37 Pa. Code §97.116.**

2. The grievance must be legible and the statement of facts may not exceed two pages.

3. A participant is responsible for including all required documentation with the grievance. Failure to provide relevant documentation may result in the grievance being dismissed.

4. A participant who is indigent as defined in Department policy **DC-ADM 803**, will be afforded copy service and legal postage up to a maximum of $10.00 per month and all money received in the inmate's account shall be used to pay for the cost of the copies and legal postage. A non-indigent inmate will incur copying charges in accordance with Department policy **3.1.1.**

5. Any documentation submitted in support of a grievance will not be returned. The participant should make a copy of any supporting documentation for submission with the grievance.

Issued: 1/26/2016
Effective: 2/16/2016

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 2 – Appeals*

6. The Executive Deputy Secretary/designee may decide the grievance based upon the documentation presented as well as other information contained within the Department's files and may interview the inmate and any involved staff member or contractor employee by means of videoconferencing if the Executive Deputy Secretary/designee in his/her sole discretion, believes an interview will assist him/her in understanding and evaluating the grievance.

7. In reviewing a grievance, the Executive Deputy Secretary/designee shall determine whether the participant violated the conditions of his/her Drug Offender Treatment Program (DOTP) or was meaningfully participating in the DOTP. The Executive Deputy Secretary/designee may uphold or reverse the expulsion or take any other action that could have been taken by the Chief of the Department's Bureau of Treatment Services (BTS), Treatment Division, with respect to the alleged conduct at issue.

**E. Grievance Reports**

1. SOIGA provides a detailed monthly report to Central Office's administrative staff and Facility Managers indicating grievances filed, related trends, and any noted concerns. This report compares the previous year's grievance information to the current year's grievance information.

2. Central Office's administrative staff review any noted concerns or elevated numbers with the Facility Managers.

3. The Chief Grievance Officer meets with the Secretary, as necessary, to discuss any noted concerns or elevated numbers.

2-11

## SCI
## INMATE APPEAL TO FACILITY MANAGER
## GRIEVANCE

| Inmate Number | NAME | HOUSING UNIT | DATE | GRIEVANCE# |
|---|---|---|---|---|
| | | | | |

I received my initial response from the Grievance Office/Coordinator on _____ and have the following appeal issues.

**Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.**

**Please provide a BRIEF (no longer than two pages) appeal statement.**

INMATE SIGNATURE:_____

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 2 – Appeals*
Issued: 1/26/2016
Effective: 2/16/2016

*Attachment 2-A*

## INMATE APPEAL TO FINAL REVIEW
### GRIEVANCE

| INMATE NUMBER | NAME | FACILITY | DATE | GRIEVANCE# |
|---|---|---|---|---|
| | | | | |

I received my appeal from the Superintendent on _____ and have the following appeal issues.

**Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.
Appeals must relate to the issue presented in the initial grievance and 1st level appeal.**

**Please provide a BRIEF (no longer than two pages) appeal statement.**

INMATE SIGNATURE: _____

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 2 – Appeals*                                                        *Attachment 2-E*
Issued: 1/26/2016
Effective: 2/16/2016

**Section 3 – Grievance Restriction or Grievance Restriction Extension**

**A. Grievance Restriction**

1. An inmate who has filed five grievances within a 30-day period which have been determined to be frivolous may be placed on grievance restriction.

   a. The maximum length of the grievance restriction period is 90 days.

   b. An inmate placed on grievance restriction shall be notified via the **Grievance Restriction Notice (Attachment 3-A).**

   c. Once an inmate is placed on grievance restriction, he/she may file no more than one grievance each 15 working days.

   d. The grievance restriction period begins on the date of the written notice to the inmate of the grievance restriction.

   e. The 15 working day period during which one grievance may be filed begins on the 1st working day immediately following the date of the written notice to the inmate of the grievance restriction.

2. The frivolous grievances used to place an inmate on grievance restriction must be within a 30-day period from when the inmate initially filed the frivolous grievances (date of the first frivolous grievance received).

3. A grievance that was withdrawn after an initial review response has been distributed to the inmate shall be considered for grievance restriction if deemed frivolous by the Grievance Officer.

4. The Facility Grievance Coordinator shall provide the inmate with written notice of the grievance restriction on the **Grievance Restriction Notice** and the reason(s) for it.

   NOTE: A copy of the **Grievance Restriction Notice** shall be forwarded to the Regional Deputy Secretary, the Facility Manager and the Secretary's Office of Inmate Grievances and Appeals (SOIGA).

5. It is the inmate's responsibility to determine which issues to grieve while on grievance restriction.

6. An inmate will not be denied a **DC-804, Part 1** due to being placed on grievance restriction.

7. An inmate may appeal a grievance restriction and/or a grievance restriction extension in accordance with **Subsections B. & C. below.**

Issued: 4/27/2015
Effective: 5/1/2015

8. If the Facility Manager/designee determines during the grievance restriction review that the inmate has not submitted five frivolous grievances, the inmate may be removed from grievance restriction. The Regional Deputy Secretary and the SOIGA shall be notified that the restriction was lifted.

9. A prior grievance that was rejected cannot be used towards the number of five frivolous grievances when placing an inmate on grievance restriction. A grievance must be found frivolous in order to be used toward placement on grievance restriction.

10. If an inmate files one or more frivolous grievances while on grievance restriction, the Facility Manager may request an additional 30-day period of restriction through the Regional Deputy Secretary. A copy of the request shall be forwarded to the SOIGA for tracking purposes.

   NOTE: An inmate placed on grievance restriction extension shall be notified via the **Grievance Restriction Extension Notice (Attachment 3-B)** and he/she may file no more than one grievance each 15 working days.

11. A grievance restriction or grievance restriction extension issued at one facility will be continued if the inmate is transferred to another facility.

12. ***A grievance restriction/extension may be suspended if an inmate is sent on an Authorized Temporary Absence (ATA)/Temporary Transfer (TT) for an extended period of time.***

## B. Appeal to Facility Manager

1. Inmate Responsibilities

   a. An inmate may appeal a grievance restriction or grievance restriction extension, to the Facility Manager in writing, within 15 working days from the date of the notice of a grievance restriction or grievance restriction extension.

   b. The **Grievance Restriction Notice** or **Grievance Restriction Extension Notice** must be received by the inmate before any appeal to the Facility Manager can be sought.

   c. Only the placement on grievance restriction or grievance restriction extension can be appealed.

   d. Each appeal must be clearly labeled as an appeal at the top of the document. The text of an appeal must be legible, understandable and presented in a courteous manner. The statement of facts must not exceed two pages, must contain reason(s) for the appeal and must be handwritten or typed on writing paper (two one-sided or one double-sided 8 ½" x 11" page), or may be submitted on the **Appeal to the Facility Manager Form** (refer to **Section 2** of this procedures manual).

3-2

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 3 – Grievance Restriction or Grievance Restriction Extension*

2.  Staff Responsibilities

a.  The appeal must be addressed by the Facility Manager/designee.

b.  A time extension for filing a grievance will be considered on a case-by-case basis. The inmate must notify the Facility Grievance Coordinator of the delay. The Facility Grievance Coordinator will consider the reason given and also consider if the delay was caused by:

(1)  a Temporary Transfer (TT) from the facility where the grievance should have been filed;

(2)  a permanent transfer to another facility from the facility where the grievance should have been filed;

(3)  ATA for an extended period;

(4)  another delay with mail delivery; or

(5)  any other reason the Facility Grievance Coordinator deems appropriate.

NOTE: If it is determined that a delay was caused by a circumstance listed above, a reasonable extension of time for filing shall be permitted.

c.  The Facility Manager/designee shall notify the inmate using the **Facility Manager's Appeal Response** (refer to **Section 2** of this procedures manual) within 15 working days of receiving the appeal.

(1)  A brief statement of the reason(s) for the decision must be included.

(2)  Alternatively, the Facility Manager/designee may overturn the grievance restriction placement.

## C. Appeal to Final Review

1.  Inmate Responsibilities

a.  The decision from the appeal to the Facility Manager must be received by the inmate before an appeal to Final Review can be sought.

b.  Any inmate who is dissatisfied with the disposition of an appeal from the Facility Manager may submit an **Inmate Appeal to Final Review Form** (refer to **Section 2** of this procedures manual) within 15 working days from the date of the Facility Manager/designee's decision). Only issues related to the placement of grievance restriction or grievance restriction extension may be appealed to Final Review.

Issued: 4/27/2015
Effective: 5/1/2015

c. A time extension for filing a grievance will be considered on a case-by-case basis. The inmate must notify the Facility Grievance Coordinator of the reason for the delay. The Facility Grievance Coordinator will consider the reason given and also consider if the delay was caused by:

   (1) a temporary transfer from the facility where the grievance should have been filed;

   (2) a permanent transfer to another facility from the facility where the grievance should have been filed;

   (3) ATA for an extended period; or

   (4) another delay with mail delivery.

     NOTE: If it is determined that a delay was caused by a circumstance listed above, a reasonable extension of time for filing shall be permitted.

d. An appeal to Final Review will not be permitted until the inmate has complied with all procedures established for grievance restriction or grievance restriction extension in accordance with **Subsections A. and B. above**.

e. The text of an appeal to the SOIGA must be legible, understandable and presented in a courteous manner. The statement of facts must not exceed two pages, and must be handwritten or typed on writing paper (two one-sided or one double-sided 8 ½" x 11" page), or may be submitted on the **Inmate Appeal to Final Review Form** (refer to **Section 2** of this procedures manual).

f. The appeal must contain a reason for appealing the Facility Manager/designee's decision.

g. Every appeal to Final Review must be addressed to the following:

   Chief, Secretary's Office of Inmate Grievances and Appeals
   Department of Corrections
   1920 Technology Parkway
   Mechanicsburg, PA 17050

   NOTE: Failure to properly address the appeal will delay the process.

h. An inmate appealing a grievance restriction or grievance restriction extension to Final Review is responsible for providing the SOIGA with all required documentation relevant to the appeal. This appeal paperwork must include:

   (1) a copy of the written notice of placement on grievance restriction or grievance restriction extension from the Facility Grievance Coordinator;

Issued: 4/27/2015
Effective: 5/1/2015

(2)  the appeal of the grievance restriction or grievance restriction extension placement to the Facility Manager;

(3)  the Facility Manager/designee's Response; and

(4)  a written appeal to the SOIGA.

NOTE: The copies of the grievance restriction notice or grievance restriction extension and the Facility Manager/designee's Response cannot be handwritten. Failure to provide any of the documentation noted above may result in the appeal being dismissed.

i.  An indigent inmate as defined in Department policy **DC-ADM 803, "Inmate Mail and Incoming Publications,"** will be afforded copy service and legal postage up to a maximum of $10.00 per month and all money received in the inmate's account shall be used to pay for the cost of the copies and legal postage. A non-indigent inmate will incur copying charges in accordance with Department policy **3.1.1, "Fiscal Administration."**

j.  Any documentation submitted in support of a grievance restriction or grievance restriction extension appeal will become part of the official record and will not be returned. The inmate should make copies of supporting documents, including facility documents, prior to submission to Final Review.

2.  Staff Responsibilities

a.  The SOIGA will ensure that:

(1)  an appeal to Final Review is responded to within 30 working days of receipt unless otherwise extended;

(2)  the Chief of SOIGA may authorize an extension of up to 10 additional working days if the investigation of the appeal is ongoing. If an extension is necessary, the inmate shall be advised in writing. This may be done using the **Extension Form** (refer to **Section 1** of this procedures manual).

b.  SOIGA will review the **Grievance Restriction Notice** or **Grievance Restriction Extension Notice**, the **Appeal to Facility Manager**, **Facility Manager/Designee's Response** and the **Appeal to Final Review**.

c.  Upon completion of the review, SOIGA will respond directly to the inmate in all cases using the **Final Appeal Decision** or **Final Appeal Decision Dismiss** (refer to **Section 2** of this procedures manual). If the inmate is released/paroled, he/she must provide a forwarding address to SOIGA. SOIGA will forward the Final Review response to the address provided or, if no address is provided, to the last address of record for the inmate.

Issued: 4/27/2015
Effective: 5/1/2015

    d.  SOIGA will issue a decision with one of the following dispositions: Uphold Response, Uphold Inmate, Dismiss, or Uphold in Part/Deny in Part. The Chief/designee, SOIGA, shall notify the inmate and the Facility Manager of the decision and rationale.

    e.  The Chief, SOIGA, in consultation with the Secretary, shall take any action deemed necessary to ensure the integrity of this policy. This includes, but is not limited to:

        (1)  prohibiting the transfer of an inmate until the grievance procedure has been completed, including the appeal process; and

        (2)  lifting a previously imposed grievance restriction.

    f.  The Chief/designee, SOIGA/designee shall notify the Facility Manager in those cases where the suspension of an inmate's transfer is being considered pending the disposition of the appeal process.

    g.  If an inmate who has filed a grievance is transferred prior to the appeal process being completed, the inmate may continue to pursue the grievance or appeal by notifying the Facility Manager of the facility where the grievance was originally filed. Adjustments shall be made to the various time limitations in order to allow for review.

Issued: 4/27/2015
Effective: 5/1/2015

**Automated Inmate Grievance Tracking System** – A computerized system maintained by the Secretary's Office of Inmate Grievances and Appeals designed to store and retrieve data and trends pertaining to the Inmate Grievance System.

**Appeal to Facility Manager** – The second step of the formal Initial Grievance process during which the Facility Manager/designee reviews the decision of the Grievance Officer.

**Chief, Secretary's Office of Inmate Grievances and Appeals** – A management level employee assigned to the Secretary's Office of Inmate Grievance and Appeals by the Secretary to oversee the inmate grievance and appeal process, train field staff, and respond to appeals.

**Courteous Manner** – The grievance and/or appeal should be written without the use of abusive language, profanities, name calling, etc.

**Department** – The Pennsylvania Department of Corrections.

**Facility Grievance Coordinator** – The Corrections Superintendents Assistant (CSA)/designee in a facility, or a Community Corrections Regional Director/designee, who is responsible for the overall administration of the Inmate Grievance System in that facility/region. This includes determining whether the grievance was filed in compliance with the policy, as well as the data collection, tracking, and statistical reporting.

**Facility Manager** – The Superintendent of a State Correctional Facility, State Regional Correctional Facility, or Motivational Boot Camp, Director of a Community Corrections Center or the Director of the Training Academy.

**Final Review** – The third step of the formal Initial Grievance process during which the Secretary's Office of Inmate Grievances and Appeals reviews the decision of the Facility Manager/designee.

**Frivolous Grievance** – A grievance is frivolous when it is found that the allegations or the relief sought lack any arguable basis in law, fact and/or policy.

**Grievance** – A formal written complaint by an inmate related to a problem encountered during the course of his/her confinement.

**Grievance Rejection Form** – The form used to return a grievance to an inmate when the grievance is not in compliance with this procedures manual.

**Grievance Officer** – An appropriate Department Head or management level staff person designated by the Facility Grievance Coordinator to provide initial review of an inmate grievance arising from his/her specific area of responsibility (a Unit Manager would be assigned to provide initial review of a grievance regarding a housing unit).

**Grievance Restriction** – A limitation on the number and frequency of grievances an inmate may file.

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Glossary of Terms*

**Initial Review** – The first step of the Initial Grievance process during which a Grievance Officer reviews an inmate grievance.

**Retaliation** – An act of vengeance or threat of action against an inmate or staff in response to an inmate complaint of a problem. Examples include, but are not limited to, unnecessary discipline, intimidation, unnecessary changes in work or program assignments, unjustified transfers or placements, unjustified denials of privileges and services.

**Secretary** – The Secretary of the Department of Corrections.

**Secretary's Office of Inmate Grievances and Appeals (SOIGA)** – The office responsible for review and disposition of all appeals to Final Review arising under this policy.

**Working Days** – For the purposes of this policy, working days are Monday through Friday, excluding state holidays.

EXHIBIT
B

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID PIERGROSSI,     :
                            :

     Plaintiff,        :     Civil Action No. 17-01575
                            :

     v.               :     Magistrate Judge Maureen P. Kelly
                            :

DR. PAUL NOEL and     :
DR. MICHAEL HERBIK,     :
                            :     Filed via Electronic Case Filing

     Defendants.       :

### UNSWORN DECLARATION OF RHONDA HOUSE

I, Rhonda House, hereby declare under penalty of perjury in accordance with 28 U.S.C. § 1746 that the following facts are true and correct based upon my personal knowledge:

1.     I am currently employed as the Corrections Superintendent's Assistant at the Pennsylvania State Correctional Institution (SCI) at Fayette.

2.     The Pennsylvania Department of Corrections (DOC) has an Inmate Grievance System that provides an administrative procedure through which inmates can seek resolution of issues, specifically Grievance Policy DC-ADM 804. *See Exhibit A (DC-ADM 804).*

3.     If attempts at informal resolution fail, the Grievance Policy provides a three-step process for resolution of inmate grievances: (1) the initial grievance at the institutional level; (2) an appeal to the Facility Manager (Superintendent); and

(3) an appeal for final review to the Secretary's Office of Inmate Grievances (SOIGA). *See Exhibit A.*

4.      Pursuant to the Grievance Policy, inmates first file grievances with the institution's grievance coordinator where the issue arose. If a grievance is rejected, it may be resubmitted under the same grievance number. If an inmate is unsatisfied with the initial review of his grievance, he is permitted to file an appeal of the decision with the institution's Superintendent. Upon receiving a decision from the Superintendent, inmates are permitted a second appeal to final review through the SOIGA. *See Exhibit A.*

5.      DC-ADM 804 was implemented as a policy that articulated a formal procedure, a "forum for review," and an avenue of appeal. Further, DC-ADM 804 was instituted to ensure that inmates had an avenue to resolve "specific problems," namely an initial review and then two tiers of appellate review. These steps in the grievance review impose different levels of responsibilities on inmates during each stage of the process. The inmate must file complaints and appeals in the appropriate place and time, as required by the administrative rules. *See Exhibit A.*

6.      The DOC's Inmate Handbook provides inmates with notice of the Grievance Policy, and the requirements they must meet when grieving their issues through this policy.

7.     It is my responsibility to review and track all grievances filed at SCI-Fayette and refer all properly submitted grievances to an appropriate grievance officer for response.

8.     In the course of my duties, I am a records custodian for all grievances submitted.

9.     I understand that inmate David Piergrossi has filed a lawsuit regarding his medical care during the course of his incarceration at SCI-Fayette.

10.     At the request of Counsel for the DOC Defendant, I reviewed the grievance information and records for those grievances filed by Piergrossi, since he re-entered the DOC in May of 2015 through the date of the filing of the instant complaint on December 1, 2017. I determined that Piergrossi filed 2 grievances during this time period regarding his medical care. *See Exhibit C [Grievance Chart].*

11.     Piergrossi did not file any grievances regarding his medical care in the years 2015 or 2016. He filed one grievance in 2016 pertaining to an issue regarding the library. Two other grievances were filed in 2017, concerning a misconduct and prison conditions. *See Exhibit C.*

12.     Grievance no. 665565 was received on February 22, 2017. On the same date, I rejected this grievance because it was not submitted within 15

3

working days after the events giving rise to the claims alleged. *See Exhibit D (Grievance no. 665565).*

13.     Piergrossi appealed the rejection of Grievance no. 665565 to the Superintendent. Upon review, the appeal was dismissed. *See Exhibit D.*

14.     Piergrossi then appealed to SOIGA. It was determined that the grievance was properly rejected at the facility level. The denial was upheld and it was noted that he filed Grievance no. 672757 regarding the same issues. *See Exhibit D.*

15.     Grievance no. 672757 was received on April 12, 2017. SCI-Fayette Corrections Health Care Administrator ("CHCA"), Nedra Rice, was assigned to provide the initial review response to this grievance, which she provided on April 24, 2017, denying the grievance. *See Exhibit E [Grievance no. 672757].*

16.     Piergrossi appealed the denial of this grievance to the Superintendent. The initial response denying his request was upheld. *See Exhibit E.*

17.     Piergrossi failed to file a final appeal for Grievance no. 672757 to SOIGA. *See Exhibit C.*

Date: 1-30-18

Rhonda House
Corrections Superintendent's Assistant
SCI-Fayette

4

**Inmate Number:** ES3412   DAVID PIERGROSSI

**Grievance Number:** [ ]   **Institution:** FYT

**Total Grievances:** 6   **Building:** G

## Available Grievances:

| ID | Description | Received | Disposition | Completed DT | Appeal | Final Rvw | Reject | Resident DT | Init'l | Appeal | Final |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 716562 | Health Care | 1/18/2018 | | | | | | | | | |
| 672757 | Health Care | 4/12/2017 | Grievance Denied | 4/26/2017 | 5/9/2017 | | | | | | |
| 668057 | Conditions | 3/10/2017 | Grievance Denied | 4/13/2017 | | | | | Yes | | |
| 666071 | Misconduct | 2/24/2017 | | | | | Yes | | | | |
| 665565 | Health Care | 2/22/2017 | | | 3/6/2017 | 4/7/2017 | Yes | | | | |
| 638825 | Library | 8/16/2016 | Grievance Denied | 8/25/2016 | 9/1/2016 | 10/24/2016 | | | | | |



EXHIBIT

C

tabbies

2017



EXHIBIT
D

**FINAL APPEAL DECISION DISMISSAL**
**Secretary's Office of Inmate Grievances & Appeals**
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

This serves to acknowledge receipt of your appeal to final review for the grievance identified below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System," this Office has reviewed all documents provided as part of the grievance record. Upon consideration of the entire record, it is the decision of this office to dismiss your appeal to final review due to a failure to comply with the provisions of the DC-ADM 804, as specified below.

| Inmate Name: | David Piergrossi | | Inmate Number: | ES3412 |
|---|---|---|---|---|
| SCI Filed at: | Fayette | | Current SCI: | Fayette |
| Grievance #: | 665565 | | | |

| Decision: | | Dismiss |
|---|---|---|
| X | 1) | Your grievance was properly rejected at the facility level for the reason(s) outlined below. |
| | 2) | Your grievance is being dismissed at the final appeal level for the reason(s) outlined below. |

| Rationale: | | |
|---|---|---|
| | 1. | Grievances related to the following issues shall be handled according to procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator. |
| | | a) DC ADM 008 Prison Rape Elimination Act (PREA) – allegations of a sexual nature against a staff member and/or inmate-on-inmate sexual contact |
| | | b) DC ADM 801 Inmate Discipline/Misconduct Procedures |
| | | c) DC ADM 802 Administrative Custody Procedures |
| X | 2. | The grievance or appeal was not submitted within fifteen (15) working days after the events upon which claims are based. |
| | 3. | Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility. |
| | 4. | The grievance was not signed and/or dated with correct commitment name, number, contained UCC references, or was not presented in proper format. |
| | 5. | Grievance or appeal must be legible, understandable, and presented in a courteous manner. |
| | 6. | The grievance or appeal exceeded the two page limit. Description needs to be brief. |
| | 7. | Grievance does not indicate that you were personally affected by a Department or facility action or policy. |
| | 8. | Grievances based upon different events must be presented separately. |
| | 9. | The issue(s) presented on the attached grievance has been reviewed or is currently being reviewed and addressed. Prior grievance # |
| | 10. | Group grievances or grievances filed on behalf of another inmate are prohibited. |
| | 11. | Grievance disputes previous grievances, appeal decisions or staff members who rendered those decisions. |
| | 12. | You are currently on grievance restriction. You are limited to one grievance every 15 working days.  Last grievance #_____ was submitted on |
| | 13. | You have not provided this Office with required and/or legible documentation for proper review. |
| | 14. | An appeal to final review is not permitted when you fail to comply with submission procedures. |

| Response: |
|---|
| The record reflects that you did not provide a date to prove timeliness of this issue.  The record reflects that you filed grievance #672757 which was accepted on this same issue and is currently being reviewed.  Since you filed a new grievance and included a date, this grievance rejection is being upheld.  You will be provide a response to your issue in grievance 672757. |

| Signature: | Dorina Varner  *Dorina Varner* | |
|---|---|---|
| Title: | Chief Grievance Officer | S.C.I. FAYETTE |
| Date: | 5/8/17 | |

DLV
cc: DC-15/Superintendent Lane
Grievance Office

MAY 0 9 2017
*PS*
SUPERINTENDENT ASSISTANT II

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 2 – Appeals*
Issued: 1/26/2016
Effective: 2/16/2016

*Attachment 2-G*

## Facility Manager's Appeal Response
SCI Fayette
50 Overlook Dr.
Labelle, Pa. 15450

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

| Inmate Name: | David Piergrossi | Inmate Number: | ES3412 |
|---|---|---|---|
| Facility: | SCI Fayette | Unit Location: | JA 2020 |
| Grievance #: | 665565 | | |
| Publication (if applicable): | | | |

| Decision: | ☐ Uphold Response (UR)   ☐ Uphold in part/Deny in part |
|---|---|
| | ☐ Uphold Inmate (UI) |
| | ✓ Dismiss/Dismiss Untimely |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

| Response: | *Frivolous* |
|---|---|

Your grievance was rejected based on Reason #2. Reason #2 indicates the grievance was not submitted within fifteen (15) working days after the events upon which claims are based. You also did not provide a specific date in Section A of this grievance. In the body of your original grievance you only state 'ongoing health problems'. In your appeal of your rejected grievance you again use the term 'ongoing'. This does not specify when the event occurred. Policy permits you five (5) working days to correct your rejected grievance and resubmit it. You chose instead to appeal the rejection.

Your appeal is denied and your grievance is dismissed.

| Signature: | Jay Lane *(signature)* |
|---|---|
| Title: | Facility Manager |
| Date: | 3/21/17 |

cc:    DC-15
       File
       jrb

## SCI
## INMATE APPEAL TO FACILITY MANAGER
## GRIEVANCE

*Due 3.27*

| Inmate Number | NAME | HOUSING UNIT | DATE | GRIEVANCE# |
|---|---|---|---|---|
| RS-3412 | David Piergrossi | JA-2020 | March 1st 2017 | 665565 |

I received my initial response from the Grievance Office/Coordinator on **Feb. 24, 2017** and have the following appeal issues.

**Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.**

**Please provide a BRIEF (no longer than two pages) appeal statement.**

Please Find And Except My Grievance Appeal
To rejection received for Grievance # 665565

ATTACHED.

S.C.I. FAYETTE

MAR 06 2017

SUPERINTENDENT ASSISTANT II

INMATE SIGNATURE: _David Piergrossi_

*DC-ADM 804, Inmate Grievance System Procedures Manual*
*Section 2 – Appeals*
Issued: 1/26/2016
Effective: 2/16/2016

*Attachment 2-A*

## Grievance Appeal

This is an appeal to the rejection that I received for grievance #665565. The reason given for grievance rejection was that the grievance was not submitted within fifteen working days after the events upon which the claims are based. The reason for grievance rejection is a misrepresentation of the nature of the original grievance. The grievance was submitted because I suffer from an ongoing medical condition that the Pennsylvania Department of Corrections has continually refused to treat. The grievance was an attempt to seek medical treatment for the Hepatitis C that I have suffered from for years. I was first diagnosed with Hepatitis C in 1998, and since that time, my health has drastically deteriorated. In addition to my Hepatitis C, I currently suffer stomach and esophageal varices, fluid retention, gallbladder stones, and end stage cirrhosis. All of these health complications are the direct result of my Hepatitis C. I have been seen in the Hepatitis C clinic at least six times, including in November 2016, when I was told that I would receive Hepatitis C treatment within 4-6 weeks of that appointment. My health has already suffered irreparable damage due to the lack of treatment of my Hepatitis C. Every day that I do not receive treatment for my Hepatitis C, my condition continues to worsen. You are denying an administrative remedy to my grievance request and in the absence of an administrative remedy, I have the ability to seek relief in court immediately.


David Piergrossi, ES3412

S.C.I. FAYETTE

MAR 0 6 2017

SUPERINTENDENT ASSISTANT II

## GRIEVANCE REJECTION
SCI Fayette
50 Overlook Drive
LaBelle, PA 15450

This serves to acknowledge receipt of your grievance to this office. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System", I have reviewed all documents provided as part of the grievance. Upon consideration of the grievance, it is the decision of this office to reject your grievance due to a failure to comply with the provisions of the DC-ADM 804, as specified below.

| Inmate Name: | David Piergrossi | | Inmate Number: | ES 3412 |
|---|---|---|---|---|
| Facility: | SCI Fayette | | Unit Location: | JA 2020 |
| Grievance #: | 665565 | | | |

| Decision: | | Rejection |
|---|---|---|
| X | Your grievance is being rejected for the reason(s) outlined below. |
| Rationale: | |

| | | |
|---|---|---|
| | 1. | Grievances related to the following issues shall be handled according to the procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator. |
| | | a) DC ADM 008 Prison Rape Elimination Act (PREA) – allegations of a sexual nature against a staff member and/or inmate-on-inmate sexual contact |
| | | b) DC ADM 801 Inmate Discipline/Misconduct Procedures |
| | | c) DC ADM 802 Administrative Custody Procedures |
| X | 2. | The grievance was not submitted within fifteen (15) working days after the events upon which claims are based. |
| | 3. | Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility. |
| | 4. | The grievance was not signed and/or dated with correct commitment name, number, contained UCC references, or was not presented in proper format. |
| | 5. | Grievance must be legible, understandable, and presented in a courteous manner. |
| | 6. | The grievance exceeded the two page limit.  Description needs to be brief. |
| | 7. | Grievance does not indicate that you were personally affected by a Department or facility action or policy. |
| | 8. | Grievances based upon different events must be presented separately. |
| | 9. | The issue(s) presented on the attached grievance has been reviewed or is currently being reviewed and addressed. Prior  grievance # |
| | 10. | Group grievances or grievances filed on behalf of another inmate are prohibited. |
| | 11. | Grievance disputes previous grievances, appeal decisions or staff members who rendered those decisions. |
| | 12. | You are currently on grievance restriction.  You are limited to one grievance every 15 working days.  Last grievance #           was submitted on |
| | 13. | You have not provided this Office with required documentation for proper review such as a DC-153A, Personal Property Inventory Sheet, Confiscated Items Receipt, Commissary/Outside Purchase Form and/or documents outlined on the DC ADM 005 Notification of Deductions Memo and/or the Notification of Amended Deductions Memo. |
| | 14. | *The publication appeal did not include a copy of the Notice of Incoming Publication Denial Form. (Attachment 3-B of DC-ADM 803)* |
| Response: | | |

| Signature: | Rhonda A. House |
|---|---|
| Title: | Facility Grievance Coordinator |
| Date: | 02-22-2017 |

cc:   Facility Grievance Coordinator
      DC-15
      File

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

FOR OFFICIAL USE

_Lol55l65_

GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Rhonda House | SCI Fayette | 2-20-2017 |

| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: |
|---|---|
| David Piergrossi   ES-3412 | |

| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: |
|---|---|
| GLP | JA-2020 |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

I am filing this Grievance because the Continued refusal of DOC to treat my hepititis C is causing me ongoing health problems, Including Varicies, Fluid Retencion, Gullbladder attachs, Dizziness, Loss of Appetite, Loss of Weight, Forgetfulness, elevated blood Amonia levels, Depression, Anxiety and Vision Problems.

I am summiting this Grievance Against the DOC, Secretary Wetzel, Correct care Solutions, carl Keldie, Joseph Silva (DOC Health care services Director), Dr. Paul Noel, Dr. Jay Cowan, The DOC Hepititis C Committee, Superintendent Lane, CHCA Susan Berries   Pg-1 of 2

B. List actions taken and staff you have contacted, before submitting this grievance.

I've seen The Hepititis C Clinick at least 6 times Nurse Knoll, DR./Director Harbuck And any and all individuals or entities responsible for my Health care and or DOC Medical Kare Policy

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Facility Grievance Coordinator          2-22-17          Date

WHITE Facility Grievance Coordinator Copy          CANARY File Copy          PINK Action Return Copy   S.C.I. FAYETTE
GOLDEN ROD Inmate Copy

FEB 22 2017

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**
Issued: 4/27/2015
Effective: 5/1/2015

SUPERINTENDENT ASSISTANT II
**Attachment 1-A**

DC-804
Part 1 / page 2

The Hepititis C from which I suffer is causing on-going and irreversible damage to my Liver. I have Cirrhosis and Varicies (very Large) EV & FV and a Gaulblodder loaded with Stones. And been Placed at a much greater risk of developing Hepatocellular Carcinoma, as well as ~~increased~~ increased risk of Death.

There is no medical reason for denying me treatment, as the Medications for treating Hepititis C are Fast-Acting, Safe, and effective. I should have been treated years ago, but the Doc has denied and delayed treatment without any medical justification. I am requesting treatment with direct-acting antiviral drugs. I am also requesting monetary Compensation for the extreme delay and Continued denial of Necessary treatment for my Hepititis C.

David Piergrossi

ES-3412  SCI Fayette

S.C.I. FAYETTE

FEB 2 2 2017

SUPERINTENDENT ASSISTANT II



EXHIBIT

E

## Facility Manager's Appeal Response
### SCI Fayette
### 50 Overlook Drive
### LaBelle, PA 15450

This serves to acknowledge receipt of your grievance appeal to the Facility Manager for the grievance noted below. In accordance with the provisions of DC-ADM 804, "Inmate Grievance System Policy", the following response is being provided based on a review of the entire record of this grievance. The review included your initial grievance, the Grievance Officer's response, your appeal to me and any other documents submitted.

| Inmate Name: | David Piergrossi | Inmate Number: | ES3412 |
|---|---|---|---|
| Facility: | SCI Fayette | Unit Location: | BB 1023 |
| Grievance #: | 672757 | | |
| Publication (if applicable): | | | |

| Decision: | X Uphold Response (UR) ☐ Uphold in part/Deny in part |
|---|---|
| | ☐ Uphold Inmate (UI) |
| | ☐ Dismiss/Dismiss Untimely |

*It is the decision of this Facility Manager to uphold the initial response, uphold the inmate, dismiss, or Uphold in part/Deny in part. This response will include a brief rationale, summarizing the conclusion, any action taken to resolve the issue(s) raised in the grievance and your appeal and relief sought.*

| Response: | Frivolous |
|---|---|

You base your appeal on your opinion that the response you received for this grievance contains incorrect information. In her response to you CHCA Grego provided you with a complete explanation of why you are not receiving treatment for your Hepatitis C. She informed you that according to your medical file you were approved to receive treatment for your Hepatitis C. Ms. Grego also informed you that you had other medical issues that needed to be taken care of prior to starting treatment for your Hepatitis C. During her investigation she discovered that in February of 2017 you refused to have a CT scan completed and that you wrote a request to the ICN that you wanted any testing for the pursuit of the Hep. C treatment to be stopped. To support the denial of your grievance Ms. Grego referenced Section 20 of the 13.2.1 where it indicates that if you receive a drug misconduct related misconduct in the previous 12 months of incarceration, you will be excluded from Hepatitis C treatment. You received a drug related misconduct on 2-11-17. Therefore; the Hepatitis C Treatment Committee and DOC policy determined that you were no longer approved for Hepatitis C treatment. After careful evaluation of this grievance, it has been determined that the action and response provided by the investigating grievance officer will be upheld. I find the issues, raised at first-level appeal, were addressed appropriately and responsibly by staff at initial review.

Based on the above information your appeal and all requested relief are denied.

| Signature: | Eric Armel |
|---|---|
| Title: | A/Facility Manager |
| Date: | 5-22-2017 |

cc: DC-15
    File

## SCI
## INMATE APPEAL TO FACILITY MANAGER
## GRIEVANCE

due: 5·31

| Inmate Number | NAME | HOUSING UNIT | DATE | GRIEVANCE# |
|---|---|---|---|---|
| PS-3412 | David Piergrossi | BB-1023 | 5-7-17 | 672757 |

I received my initial response from the Grievance Office/Coordinator on _April 26th, 2017_
and have the following appeal issues.

**Refer to DC-ADM 804, Grievance Appeal Procedures, for complete instructions.**

**Please provide a BRIEF (no longer than two pages) appeal statement.**

In Addiction to Attached:

   Please see enclosed & Reference to DR. Noel
Doe Chief of Clinical Services 1920 Technology Parkway
Mechanicsborg PA.) (DR. Joseph Harris, MD 555 Edgecombe
Avenue. Suite BB New York, NY.) Both state that drugs &
Alchol have no Negative effect on direct Acting Antivirculs.
And both played A legal Role in Abu-Jamal v Wetzel. Both
letters on my behalf are in prepation for legal Action

   Also the reference to the refused CT-scan, DR. Merceli
VIA. Tele Meds, He Agreed with me And ordered A ultra-sound
which Took place (As ordered) In the First week of April.

S.C.I. FAYETTE

MAY 0 9 2017

SUPERINTENDENT ASSISTANT II

INMATE SIGNATURE _David Piergrossi_

**Grievance**

I am filing this grievance because the continued refusal of DOC to treat my hepatitis C is causing me ongoing health problems, including decompensated cirrhosis, esophageal varices, fluid retention, gallbladder attacks, dizziness, loss of appetite and weight, impaired memory, elevated ammonia levels, depression, anxiety, and vision problems.

I am submitting this grievance against the DOC, Secretary Wetzel, Correct Care Solutions, Carl Keldie, Joseph Silva (DOC Health Care Services Director), Dr. Paul Noel, Dr. Jay Cowan, the DOC's hepatitis C committee, Superintendent Lane, CHCA Susan Berrier, Dr, Herbik, Nurse Knoll and any and all individuals or entities responsible for my health care and/or DOC medical care policy.

The hepatitis C from which I suffer is causing on-going and irreversible damage to my liver. I have cirrhosis and the above-named symptoms, and been placed at a much greater risk of developing liver disease, hepatocellular carcinoma, as well as an increased risk of death

DOC has known I have been in need of treatment for hepatitis C since I became incarcerated again in May 2015.

I am not being treated today, April 11th, 2017, nor was I treated at all in March, February, January, or any other previous time, despite it being known by all medical staff that I am in need of treatment. Every day I am not treated, including and up to the present and the 15 previous working days before filing this grievance I have been in need of treatment and been refused such in violation of my rights under the Eighth Amendment and state medical malpractice law.

Dr. Herbik and nurse Knoll at SCI Fayette recently informed me that I would not be treated due to the results of a urinalysis test. This is not a medically valid reason, however, for refusing me life-saving medical treatment. The result of the urinalysis does not present a medical contraindication for administration of the direct-acting antiviral medications.

As recently recognized by a federal court in *Abu-Jamal v. Wetzel*, I have an Eighth Amendment right to treatment for my hepatitis C in accord with the standard of care in the community. This was true when I entered the DOC again in May 2015, and it remains true today, April 11th 2017.

There is no medical reason for denying me treatment, as the medications for treating hepatitis C are fast-acting, safe, and effective. I should have been treated years ago, but the DOC has denied and delayed treatment without any medical justification up to the present moment. I am requesting treatment with direct-acting antiviral drugs. I am also requesting monetary compensation for the extreme delay and continued denial of necessary treatment for my hepatitis C.

DATE: April 11th 2017

David Piergrossi #ES3412

S.C.I. FAYETTE

MAY 09 2017

S.C.I. FAYETTE

APR 12 2017

SUPERINTENDENT ASSISTANT II      SUPERINTENDENT ASSISTANT II

## INITIAL REVIEW RESPONSE
SCI Fayette
50 Overlook Drive
LaBelle, PA 15450

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows

| Inmate Name: | Piergrossi, David | Inmate Number: | ES3412 |
|---|---|---|---|
| Facility: | SCI Fayette | Unit Location: | JB-17 |
| Grievance #: | 672757 | Grievance Date: | 4/11/2017 |

| Publication (if applicable): |
|---|

| Decision: | ☐ Uphold Inmate<br>☑ Grievance Denied<br>☐ Uphold in part/Denied in part |
|---|---|

*It is the decision of this grievance officer to uphold, deny **or uphold in part/deny in part** the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

**Response:**                                                                    *Frivolous*

I reviewed your Grievance and medical records. You claim that the DOC is refusing to treat your Hepatitis C which is causing your ongoing health problems.

According to your medical records, you were approved to receive the Hepatitis C treatment. You also had other medical issues that had to be addressed such as anemia, blood in your stools and varices. During this process several tests were ordered and at one time you refused to have a CT scan completed in February of 2017. You also wrote a request to the Infectious Control Nurse that you wanted any testing or the pursuit of the Hepatitis C treatment to be discontinued. The Nurse scheduled you with Dr. Herbik and you continued to refuse to have the CT scan completed and it was discontinued. On 2/11/2017 you received a misconduct for having a positive urine for drugs. It is outlined in DOC policy 13.2.1 Section 20 that if you receive a drug related misconduct in the previous 12 months of incarceration, you will be excluded from the Hepatitis C treatment.

In conclusion: The DOC is not refusing to treat your Hepatitis C. You were approved the Hepatitis C treatment. You received a misconduct for a positive drug screen. The Hepatitis C Treatment Committee was made aware of your misconduct. It is determined by the Committee and DOC policy that you were no longer approved for this treatment.

This Grievance is denied.

| Signature: | Nedra Grego | |
|---|---|---|
| Title: | Corrections Health Care Administrator | S.C.I. FAYETTE |
| Date: | 4-24-17 | S.C.I. FAYETTE   APR 26 2017 |

cc: Facility Grievance Coordinator
DC-15
File

MAY 09 2017   SUPERINTENDENT ASSISTANT II

## INITIAL REVIEW RESPONSE
SCI Fayette
50 Overlook Drive
LaBelle, PA 15450

This serves to acknowledge receipt of your grievance to the assigned Grievance Officer. The response is as follows

| Inmate Name: | Piergrossi, David | Inmate Number: | ES3412 |
|---|---|---|---|
| Facility: | SCI Fayette | Unit Location: | JB-17 |
| Grievance #: | 672757 | Grievance Date: | 4/11/2017 |

**Publication (if applicable):**

| Decision: | ☐ Uphold Inmate<br>☒ Grievance Denied<br>☐ Uphold in part/Denied in part |
|---|---|

*It is the decision of this grievance officer to uphold, deny **or uphold in part/deny in part** the inmate's initial grievance. This response will include a brief rationale, summarize the conclusion, any action taken to resolve the issue(s) raised in the grievance and, relief sought.*

**Response:**                                                                    *Frivolous*

I reviewed your Grievance and medical records. You claim that the DOC is refusing to treat your Hepatitis C which is causing your ongoing health problems.

According to your medical records, you were approved to receive the Hepatitis C treatment. You also had other medical issues that had to be addressed such as anemia, blood in your stools and varices. During this process several tests were ordered and at one time you refused to have a CT scan completed in February of 2017. You also wrote a request to the Infectious Control Nurse that you wanted any testing or the pursuit of the Hepatitis C treatment to be discontinued. The Nurse scheduled you with Dr. Herbik and you continued to refuse to have the CT scan completed and it was discontinued. On 2/11/2017 you received a misconduct for having a positive urine for drugs. It is outlined in DOC policy 13.2.1 Section 20 that if you receive a drug related misconduct in the previous 12 months of incarceration, you will be excluded from the Hepatitis C treatment.

In conclusion: The DOC is not refusing to treat your Hepatitis C. You were approved the Hepatitis C treatment. You received a misconduct for a positive drug screen. The Hepatitis C Treatment Committee was made aware of your misconduct. It is determined by the Committee and DOC policy that you were no longer approved for this treatment.

This Grievance is denied.

| Signature: | Nedra Grego *Nedra M Grego* | |
|---|---|---|
| Title: | Corrections Health Care Administrator | S.C.I. FAYETTE |
| Date: | 4-24-17 | APR 26 2017<br>SUPERINTENDENT ASSISTANT II |

cc: Facility Grievance Coordinator
    DC-15
    File

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**

S-3

FOR OFFICIAL USE
_672757_
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Rhonda House | SCI Fayette | April 11th 2017 |

| FROM: (INMATE NAME & NUMBER) | SIGNATURE OF INMATE: |
|---|---|
| David Piergrossi ES-3412 | David Piergrossi |

| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: |
|---|---|
| | JB-17 |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any action you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages (one DC-804 form and one one-sided 8½" x 11" page). State all relief that you are seeking.

Please See Atached For
details, And staff Contacted.

B. List actions taken and staff you have contacted, before submitting this grievance.

See Atached details.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____                    4-12-17
Signature of Facility Grievance Coordinator          Date

WHITE Facility Grievance Coordinator Copy     CANARY File Copy     PINK Action Return Copy
GOLDEN ROD Inmate Copy                                                S.C.I. FAYETTE

APR 1 2 2017

SUPERINTENDENT ASSISTANT II

**DC-ADM 804, Inmate Grievance System Procedures Manual**
**Section 1 – Grievances & Initial Review**
Issued: 1/26/2016
Effective: 2/16/2016

**Attachment 1-A**

**Grievance**

I am filing this grievance because the continued refusal of DOC to treat my hepatitis C is causing me ongoing health problems, including decompensated cirrhosis, esophageal varices, fluid retention, gallbladder attacks, dizziness, loss of appetite and weight, impaired memory, elevated ammonia levels, depression, anxiety, and vision problems.

I am submitting this grievance against the DOC, Secretary Wetzel, Correct Care Solutions, Carl Keldie, Joseph Silva (DOC Health Care Services Director), Dr. Paul Noel, Dr. Jay Cowan, the DOC's hepatitis C committee, Superintendent Lane, CHCA Susan Berrier, Dr, Herbik, Nurse Knoll and any and all individuals or entities responsible for my health care and/or DOC medical care policy.

The hepatitis C from which I suffer is causing on-going and irreversible damage to my liver. I have cirrhosis and the above-named symptoms, and been placed at a much greater risk of developing liver disease, hepatocellular carcinoma, as well as an increased risk of death

DOC has known I have been in need of treatment for hepatitis C since I became incarcerated again in May 2015.

I am not being treated today, April 11th 2017, nor was I treated at all in March, February, January, or any other previous time, despite it being known by all medical staff that I am in need of treatment. Every day I am not treated, including and up to the present and the 15 previous working days before filing this grievance I have been in need of treatment and been refused such in violation of my rights under the Eighth Amendment and state medical malpractice law.

Dr. Herbik and nurse Knoll at SCI Fayette recently informed me that I would not be treated due to the results of a urinalysis test. This is not a medically valid reason, however, for refusing me life-saving medical treatment. The result of the urinalysis does not present a medical contraindication for administration of the direct-acting antiviral medications.
    As recently recognized by a federal court in *Abu-Jamal v. Wetzel*, I have an Eighth Amendment right to treatment for my hepatitis C in accord with the standard of care in the community. This was true when I entered the DOC again in May 2015, and it remains true today, April 11th 2017.

There is no medical reason for denying me treatment, as the medications for treating hepatitis C are fast-acting, safe, and effective. I should have been treated years ago, but the DOC has denied and delayed treatment without any medical justification up to the present moment. I am requesting treatment with direct-acting antiviral drugs. I am also requesting monetary compensation for the extreme delay and continued denial of necessary treatment for my hepatitis C.

DATE: April 11th, 2017

David Piergrossi #ES3412

S.C.I. FAYETTE

APR 12 2017

SUPERINTENDENT ASSISTANT II