IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID PIERGROSSI, | : |
| Plaintiff, | : Civil Action No. 17-01575 |
| v. | : Magistrate Judge Maureen P. Kelly |
| DR. PAUL NOEL and DR. MICHAEL HERBIK, | : |
| Defendants. | : Filed via Electronic Case Filing |

## BRIEF IN SUPPORT OF DOC DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

### Relevant Procedural History

Plaintiff is David Piergrossi ("Piergrossi"), an inmate currently incarcerated within the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution ("SCI") at Fayette. On December 1, 2017, through counsel, Piergrossi filed a complaint initiating a civil rights action pursuant to 42 U.S.C. § 1983. In the complaint, he alleges claims under the Eighth Amendment for deliberate indifference and medical malpractice regarding his treatment for Hepatitis C ("HCV"). The named Defendants are Dr. Paul Noel and Dr. Michael Herbik.

DOC Defendant, Dr. Noel, is the Chief of Clinical Services for the Department's Bureau of Health Care Services. Dr. Herbik is the contracted medical director at SCI-Fayette.

### Statement of Facts

The Statement of Material Facts filed concurrently with this brief is incorporated herein by reference. Essentially, in the complaint Piergrossi avers he has been diagnosed with HCV and was denied treatment by the Defendants. On July 19, 2017 he received the FDA approved antiviral medication for treatment of his HCV.

Prior to filing this civil action, Piergrossi failed to properly exhaust the issue regarding his medical care through the Department's grievance process outlined in the DC-ADM 804. Specifically, he failed to complete the third step in the grievance process and did not file for final review. Therefore, Defendant Noel now moves for partial summary judgment regarding Piergrossi's failure to exhaust available administrative remedies. Defendant Noel has also simultaneously filed an answer to the complaint with affirmative defenses.

### QUESTION PRESENTED

Should Defendant Noel be granted summary judgment in his favor because Plaintiff failed to properly exhaust available administrative remedies as to the claims against him?

Suggested Answer: Yes.

2

## ARGUMENT

**Defendant Noel should be granted summary judgment in his favor because Plaintiff failed to properly exhaust available administrative remedies as to the claims against him.**

The Prison Litigation Reform Act (PLRA) provides, in pertinent part, as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Application of this section is mandatory and applies to all inmate suits regarding prison life. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Unexhausted claims may not be considered by the courts. *Jones v. Bock*, 549 U.S. 199, 219-220 (2007).

The United States Supreme Court has rejected any court-created special circumstances exception to the exhaustion requirement. The PLRA's mandatory exhaustion requirement forecloses judicial discretion. *Ross v. Blake*, 136 S.Ct. 1850, 1856-57 (2016); *see also, Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000). (no futility exception exists to the mandatory exhaustion requirements in any prison conditions case). The only issue is whether an administrative remedy was available, meaning procedures that are capable of use in order to obtain some relief for the complained of action. *Ross*, 136 S.Ct. at 1858-59.

Proper exhaustion of the available administrative remedies is required and

3

prisoners must complete the administrative review process in accordance with the applicable procedural rules of the prison grievance policy. *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006); *Jones*, 549 U.S. at 219-220. Each of the procedures must be completed for an inmate to be considered to have exhausted his administrative remedies. Prison grievance procedures, and not federal law or federal common law, "supply the yardstick for measuring procedural default." *Spruill v. Gillis*, 372 F.3d 218, 231 (3d Cir. 2004).

To fully exhaust administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Smith v. Secretary of Pennsylvania Department of Corrections*, 2018 WL 279363 (Pa. W.D., January 3, 2018), *citing Woodford*, 548 U.S. at 90, *quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original). Furthermore, exhaustion requirements are not be satisfied when an inmate files "an untimely or otherwise procedurally defective ... appeal." *Williamson v. Roberts*, 2013 WL 967693 (Pa. W.D. March 12, 2013), *quoting Woodford*, 548 U.S. at 83; *see also Spruill*, 372 F.3d at 228-29.

The DOC's Grievance Process, DC-ADM 804, mandates that three steps must be completed for an inmate to exhaust his administrative remedies. 37 Pa. Code § 93.9; DC-ADM 804. First, the Grievance Officer must review the inmate's grievance. Second, the Superintendent must review the inmate's appeal of the

4

Grievance Officer's decision. Third, and finally, the Secretary's Office of Inmate Grievances and Appeals ("SOIGA") must review the inmate's appeal of the Superintendent's decision. *See Statement of Material Facts ("SMF")* ¶¶ 8-11.

The Third Circuit Court of Appeals has consistently found that a plaintiff must follow each of these three steps outlined in DC-ADM 804, in order to exhaust his administrative remedies under the PLRA. *Spearman v. Morris*, 643 Fed. Appx. 82 (3d. Cir. 2016); *Jenkins v. Morton,* 148 F.3d 257, 259 (3d Cir.1998); *Booth v. Churner,* 206 F.3d 289, 299 (3d Cir.2000) (plaintiff "did not take full advantage of the administrative procedures available to him" in failing to use steps two and three of DC–ADM 804).

In light of the undisputed facts in this case, it is evident that the grievance system was available to Piergrossi, he was aware of the process outlined in DC-ADM 804, and he utilized it on a number of occasions. *See SMF* ¶¶ 13; 28-29. He filed two grievances in the year 2017 regarding his medical care, which is the subject of this civil complaint. *See SMF* ¶ 16. Grievance no. 665565 was rejected because it was not submitted in a timely manner. *See Woodford, Spruill, supra.* However, in the final review response by SOIGA dated May 2, 2017, it was noted that in the meantime he had also filed Grievance no. 672757 regarding the same issues. *See SMF* ¶ 17-19.

Accordingly, although his initial grievance at no. 665565 was rejected

5

because it was determined to be defective, his subsequently filed grievance at no. 672757 pertained to the same issues and was being reviewed at the institutional level at that time. Piergrossi submitted Grievance no. 672757 on April 12, 2017, claiming he did not receive any treatment for HCV from January through April of 2017. He further claimed he was denied his Eighth Amendment right to treatment since returning to the DOC in May of 2015. *See SMF* ¶¶ 20-21.

When Grievance no. 672757 was denied upon initial review, he appealed to the Superintendent. On May 22, 2017, the Superintendent upheld the initial denial of this grievance. Piergrossi did not appeal this determination to final review with SOIGA. *See SMF* ¶¶ 22-27.

Subsequently, Piergrossi received the FDA approved antiviral medication for treatment of his HCV on July 19, 2017. *See SMF* ¶ 6. Although he ultimately received the requested treatment, in order to also pursue monetary damages at this juncture, he was required to fully exhaust this issue by filing for final review of Grievance no. 672757.

In the years 2015-2017, aside from the grievances at nos. 665565 and 672757, Piergrossi utilized the grievance process on three other occasions. He filed grievances concerning issues with the library, a misconduct, and prison conditions. However, he did not file any grievances in 2015 or 2016 regarding his medical care. *See SMF* ¶ 28. Even if Grievance no. 672757 is construed to cover the

timeframe from May of 2015 through to April 12, 2017 when he filed this grievance, the claims presented in the instant civil action are barred due to his failure to properly exhaust this issue.

It is apparent that Piergrossi was aware of the DOC's grievance procedure and he filed and appealed several grievances over the course of his incarceration beginning in May of 2015. Further, he was aware of the three steps required by DC-ADM 804, as evidenced by the fact that he submitted Grievance No. 665565 for final review. Although this grievance was rejected as untimely and the merits were not addressed, Grievance no. 672757 addressed the same issues and was filed while Grievance no. 665565 was pending final review. Thus, it cannot be said that the grievance system was not available to him. Piergrossi availed himself of the grievance process regarding his medical concerns and the system was capable of use to obtain relief for the complained of action, namely treatment for his medical condition. *See Ross, supra.*

Piergrossi failed to properly complete the administrative review process. He did not exhaust this issue by appealing it through to final review with SOIGA, prior to filing the instant civil action. *See Spearman, Booth, Jenkins, Woodford, supra.* Accordingly, this matter is not properly before the Court for review and summary judgment is appropriate.

7

## CONCLUSION

**WHEREFORE**, in light of the foregoing, DOC Defendant Noel respectfully requests that this Court grant the motion for partial summary judgment.

Respectfully submitted,

Office of General Counsel

By: /s/ Kelly J. Hoke
Kelly J. Hoke
Assistant Counsel
Attorney I.D. No. 202917
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
(717) 728-7749
Dated: February 1, 2018    Email: kelhoke@pa.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID PIERGROSSI, | : |
| Plaintiff, | : Civil Action No. 17-01575 |
| v. | : Magistrate Judge Maureen P. Kelly |
| DR. PAUL NOEL and DR. MICHAEL HERBIK, | : |
| | : Filed via Electronic Case Filing |
| Defendants. | : |

### **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing brief has been filed electronically and is available for viewing and downloading from the ECF system by Bret Grote and Louis J. Kroeck, IV, counsel for Plaintiff, and therefore satisfies the service requirements under *Fed.R.Civ.P. 5(b)(2)(E); L.Cv.R. 5.6.*

/s/Shelly R. Holley
Shelly R. Holley
Legal Assistant
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA  17050
(717) 728-7763

Dated: February 1, 2018