# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID PIERGROSSI, | : |
| Plaintiff, | : Civil Action No. 17-01575 |
| v. | : Magistrate Judge Maureen P. Kelly |
| DR. PAUL NOEL and DR. MICHAEL HERBIK, | : |
| Defendants. | : Filed via Electronic Case Filing |

## DOC DEFENDANT'S STATEMENT OF MATERIAL FACTS

DOC Defendant, by and through Counsel, hereby files this Statement of Material Facts pursuant to Local Civil Rule 56 of the United States District Court for the Western District of Pennsylvania, and hereby sets forth the following statement of material facts to which he contends that there are no genuine issues to be tried:

1. Plaintiff is David Piergrossi ("Piergrossi"), an inmate currently incarcerated within the Pennsylvania Department of Corrections ("DOC") at the State Correctional Institution ("SCI") at Fayette. *See Document No. 1.*

2. DOC Defendant Dr. Paul Noel is the Chief of Clinical Services for the Department's Bureau of Health Care Services. Dr. Michael Herbik, the contracted medical director at SCI-Fayette, is also named as a defendant. *See Document No. 1.*

3. On December 1, 2017, Piergrossi, through counsel, filed a complaint initiating a civil rights action pursuant to 42 U.S.C. § 1983, alleging claims under the Eighth Amendment for deliberate indifference and medical malpractice regarding his treatment for Hepatitis C ("HCV"). *See Document No. 1.*

4. Piergrossi was previously diagnosed with HCV. *See Document No. 1.*

5. Piergrossi was previously incarcerated within the DOC, and returned for his most recent sentence in May of 2015; he has remained continuously incarcerated to date. *See Document No. 1.*

6. On July 19, 2017, Piergrossi received FDA approved antiviral medication for treatment of his HCV. *See Document No. 1.*

7. DOC Defendant Noel is simultaneously filing an Answer to the complaint with Affirmative Defenses.

8. The DOC has an Inmate Grievance System that provides an administrative procedure by which inmates may seek resolution of issues, namely Grievance Policy DC-ADM 804. *See Exhibit A [DC-ADM 804].*

9. If attempts at informal resolution fail, the Grievance Policy provides a three-step process for resolution of inmate grievances: (1) the initial grievance at the institutional level; (2) an appeal to the Facility Manager (Superintendent); and (3) an appeal for final review to the Secretary's Office of Inmate Grievances ("SOIGA"). *See Exhibit A.*

10. Pursuant to the Grievance Policy, inmates first file grievances with the grievance coordinator at the institution where the issue arose. If a grievance is rejected, it may be resubmitted under the same grievance number. If an inmate is unsatisfied with the initial review of his grievance, he is permitted to file an appeal of the decision with the institution's Superintendent. Upon receiving a decision from the Superintendent, inmates are permitted a second appeal to final review through the SOIGA. *See Exhibit A.*

11. DC-ADM 804 was implemented as a policy that articulated a formal procedure, a "forum for review," and an avenue of appeal. Further, DC-ADM 804 was instituted to ensure that inmates have an avenue to resolve "specific problems," namely an initial review and then two tiers of appellate review. These steps in the grievance review impose different levels of responsibilities on inmates during each stage of the process. The inmate must file complaints and appeals in the appropriate place and time, as required by the administrative rules. *See Exhibit A.*

12. The DOC employs Rhonda House as the Corrections Superintendent's Assistant at SCI-Fayette. *See Exhibit B [Declaration of Rhonda House].*

13. The DOC's Inmate Handbook provides inmates with notice of the Grievance Policy, and the requirements they must meet when grieving their issues through the Grievance Policy. *See Exhibit B.*

14. Ms. House's responsibilities require her to review and track all grievances filed at SCI-Fayette and refer all properly submitted grievances to an appropriate grievance officer for response. *See Exhibit B.*

15. As part of Ms. House's duties, she is a records custodian for all grievances submitted. *See Exhibit B.*

16. Ms. House reviewed the grievance information and records for inmate Piergrossi, since he returned to the DOC in May of 2015 through to the date of the filing of the instant complaint on December 1, 2017. *See Exhibit B; Document No. 1.* She determined that Piergrossi filed 2 grievances regarding his medical care during this timeframe, prior to filing the complaint. *See Exhibit B; Exhibit C [Grievance Chart].*

17. Grievance no. 665565 was received by Ms. House on February 22, 2017. *See Exhibit D [Grievance no. 665565].* On that same date, Ms. House rejected this grievance because it was not submitted within 15 working days after the events giving rise to the claims alleged. *See Exhibit B; Exhibit D.*

18. Piergrossi appealed the rejection to the Superintendent, who dismissed the appeal. *See Exhibit D.*

4

19. Piergrossi then appealed to SOIGA. In a response dated May 2, 2017, it was determined that the grievance was properly rejected at the facility level. Accordingly, the denial was upheld and it was noted that he filed Grievance no. 672757 regarding the same issues. *See Exhibit D.*

20. Grievance no. 672757 was received by Ms. House on April 12, 2017. *See Exhibit E [Grievance no. 672757].*

21. In Grievance no. 672757, Piergrossi claims he did not receive any treatment for HCV from January through April of 2017. He further claimed he was denied his Eighth Amendment right to treatment since returning to the DOC in May of 2015. *See Exhibit E.*

22. SCI-Fayette Corrections Health Care Administrator ("CHCA"), Nedra Rice,[1] provided the initial review response to this grievance on April 24, 2017. *See Exhibit E.*

23. CHCA Rice indicated that according to Piergrossi's medical records, he was approved to receive the HCV treatment; however, he had other medical issues that needed to be addressed first. Additionally, CHCA Rice noted that a CT scan was required before providing treatment, which Piergrossi refused to have completed. *See Exhibit E.*

---

[1] Formerly Nedra Grego.

5

24. Furthermore, CHCA Rice noted that Piergrossi had submitted a request to the Infectious Control Nurse indicating that he wished to discontinue any further testing and treatment. Nevertheless, he was still scheduled to meet with the doctor in February of 2017, and again refused to have the CT scan completed. *See Exhibit E.*

25. Piergrossi then received a misconduct following a positive urine test for drugs and, per policy, was no longer approved to receive the HCV treatment at that time. The grievance was denied. *See Exhibit E.*

26. Piergrossi appealed the denial of Grievance no. 672757 to the Superintendent. The initial response denying his request was upheld on May 22, 2017. *See Exhibit E.*

27. Following the denial of his appeal to the Superintendent, Piergrossi had 15 working days in which to file for final review with SOIGA. *See Exhibit A.* Piergrossi did not submit Grievance no. 672757 for final review with SOIGA. *See Exhibit B; Exhibit C.*

28. Piergrossi did not file any grievances regarding treatment for HCV in 2015 or 2016. He filed one grievance in 2016 pertaining to an issue regarding the library. Two other grievances were filed in 2017, one concerning a misconduct and another regarding prison conditions. *See Exhibit B; Exhibit C.*

6

29. The DOC's grievance procedure was available to and utilized by Piergrossi. He is aware of the DOC's grievance procedure, and has filed a number of grievances in addition to those relevant to the present action. Moreover, he is aware that grievances are subject to final review by SOIGA, as evidenced by the Grievance no. 665565 that he submitted for final review. *See Exhibit B; Exhibit C.*

 

Respectfully submitted,

Office of General Counsel

By: /s/ Kelly J. Hoke
Kelly J. Hoke
Assistant Counsel
Attorney I.D. No. 202917
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
(717) 728-7749
Dated: February 1, 2018          Email: kelhoke@pa.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID PIERGROSSI, | : |
| | : |
| Plaintiff, | : Civil Action No. 17-01575 |
| | : |
| v. | : Magistrate Judge Maureen P. Kelly |
| | : |
| DR. PAUL NOEL and | : |
| DR. MICHAEL HERBIK, | : |
| | : Filed via Electronic Case Filing |
| Defendants. | : |

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing statement of material facts has been filed electronically and is available for viewing and downloading from the ECF system by Bret Grote and Louis J. Kroeck, IV, counsel for Plaintiff, and therefore satisfies the service requirements under *Fed.R.Civ.P. 5(b)(2)(E); L.Cv.R. 5.6*.

/s/Shelly R. Holley
Shelly R. Holley
Legal Assistant
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA  17050
(717) 728-7763

Dated: February 1, 2018

8