## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID PIERGROSSI, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 17-01575 |
| | : | |
| v. | : | Chief Magistrate Judge |
| | : | Maureen P. Kelly |
| | : | |
| DR. PAUL NOEL and | : | |
| DR. MICHAEL HERBIK, | : | |
| | : | Filed via Electronic Case Filing |
| Defendants. | : | |

## DOC DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
## WITH AFFIRMATIVE DEFENSES

**ADMITTED** in part. **DENIED** in part.

1.      It is admitted that Plaintiff, David Piergrossi, is an inmate incarcerated by the Department of Corrections ("DOC"), currently housed at the State Correctional Institution ("SCI") at Fayette.

2.      It is admitted that Plaintiff was previously incarcerated within the DOC. He most recently re-entered the DOC in May of 2015 and has remained continuously incarcerated to date.

3.      It is admitted Defendant Paul Noel is the Chief of Clinical Services for the Department's Bureau of Health Care Services.

4.      It is denied that DOC staff have refused to treat Plaintiff for the Hepatitis C virus ("HCV").

5.      It is admitted that Plaintiff *had* the HCV infection. By way of further response, Plaintiff received the FDA approved antiviral medications beginning on July 19, 2017, and was successfully treated for HCV.

6.      It is specifically denied that Defendant Noel was deliberately indifferent, violated the federal or state constitution, or was professionally negligent.

7.      It is admitted that the DOC issued an updated Hepatitis C Protocol for the treatment of inmates with HCV in November 2016.

8.      It is admitted that pursuant to the Hepatitis C Protocol, inmates are assessed and prioritized based on need for treatment. All patients with chronic HCV are seen and assessed in a chronic care clinic in order to monitor their condition.

9.      It is admitted that per policy, the patient's clinical status will be reviewed by the Hepatitis C Treatment Committee, when the patient's files are forwarded to the Committee by the institution.

10.     It is admitted that Defendant Noel is one of the members of the Hepatitis C Committee.

11.     It is admitted that the Hepatitis C Protocol includes language regarding medical and administrative exclusions to treatment. Under the current

policy, one of the administrative exclusions is a documented positive drug screen during the previous 12 months of incarceration that results in a misconduct.

12.    It is denied that Plaintiff was denied treatment solely due to one drug-related misconduct.

13.    It is specifically denied that by implementing the Hepatitis C Protocol, Defendant Noel knowingly violated the applicable standard of care and denied treatment to inmates.

14.    Defendant Noel is not personally involved with Plaintiff's daily medical care.

15.    It is admitted that Plaintiff was seen and assessed at chronic care clinic at the institution on numerous occasions.

16.    It is denied that prior to March of 2017, Plaintiff's treatment was not documented in his medical records.

17.    During the relevant time period and continuing forward, Plaintiff has received treatment for HCV in the form of diagnosis, testing, monitoring and treatment in line with DOC policy.

18.    Plaintiff filed two grievances regarding his medical care, specifically regarding his Hepatitis C treatment; however, he failed to properly exhaust his available administrative remedies.

19.    With respect to the non-material factual allegations contained in Plaintiff's complaint, no response is required as to Plaintiff's interpretations, arguments, legal conclusions or non-factual statements and assertions.

20.    It is denied that Plaintiff is entitled to any relief in this matter.

21.    Defendant Noel generally denies all allegations not specifically admitted.

**WHEREFORE**, Defendant Noel requests that Plaintiff's Complaint be dismissed and judgment be entered in favor of Defendant and against Plaintiff, along with sanctions, costs, attorney's fees, expenses and any other relief deemed necessary.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim or cause of action pursuant to 42 U.S.C. § 1983 ("Section 1983") or state law, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendant asserts each and every defense available under the existing Civil Rights Act of 1964, 42 U.S.C. § 1983.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust all of his administrative remedies pursuant to the Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e(a).

### FOURTH AFFIRMATIVE DEFENSE

Defendant asserts all limitations upon Plaintiff's claims set forth in the Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e.

### FIFTH AFFIRMATIVE DEFENSE

Defendant asserts all defenses set forth in the Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish that Defendant had the requisite state of mind for any of the alleged constitutional violations. However, if it is judicially determined otherwise, Defendant never had the subjective knowledge that the alleged actions presented a substantial risk of harm to Plaintiff and Defendant at all times reasonably believed that he had not clearly violated Plaintiff's constitutional rights.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant acted at all times within the scope of his authority, in good faith, and without malice and therefore is entitled to qualified immunity.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has pled a state law claim, this Court cannot assume pendant jurisdiction over any claim premised on state law as Defendant is immune from suit in Federal court by reason of the Eleventh Amendment.

### NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff has pled a state law claim, such claim is barred by sovereign immunity and not waived by any of the exceptions thereto. 1 Pa.C.S. § 2310, 42 Pa.C.S. § 8522.

### TENTH AFFIRMATIVE DEFENSE

To the extent that sovereign immunity has been waived with respect to any of Plaintiff's claims, Defendant asserts all defenses and limitations upon those claims which are or may hereafter be set forth at 42 Pa.C.S. §§ 8522-8528.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant is entitled to official immunity from Plaintiff's claims.

### TWELFTH AFFIRMATIVE DEFENSE

Any and all damage or injury allegedly sustained by Plaintiff resulted not from the conduct or acts of Defendant, but from the conduct or acts of Plaintiff or other persons.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any actions or inactions taken by Defendant were matters within the discretion granted to Defendant by statute, regulation or directive and therefore Defendant is immune from suit.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Defendant affirmatively pleads any other matter constituting avoidance or affirmative defense.

## FIFTEENTH AFFIRMATIVE DEFENSE

The acts or omissions of Defendant that were alleged to constitute constitutional violations were not substantial causes or factors in the alleged injuries sustained by Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

Declaratory relief is unavailable merely to have the Court declare that past actions of Defendant have violated Plaintiff's rights.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Injunctive relief is unavailable where Plaintiff has an adequate remedy at law, cannot succeed on the merits and the balance of equities do not favor the granting of an injunction.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to supplement these affirmative defenses.

**WHEREFORE**, Defendant requests that the Complaint be dismissed with prejudice and judgment entered in his favor and against Plaintiff along with such costs, expenses, attorneys' fees and expenses as authorized by law and which the Court deems necessary, just, and appropriate under the circumstances.

Respectfully submitted,

Office of General Counsel

By:   /s/ Kelly J. Hoke
      Kelly J. Hoke
      Assistant Counsel
      Attorney I.D. No. 202917
      Pennsylvania Department of Corrections
      Office of Chief Counsel
      1920 Technology Parkway
      Mechanicsburg, PA  17050
      (717) 728-7749
Dated: February 1, 2018        Email: kelhoke@pa.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID PIERGROSSI,                        :
                                         :
    Plaintiff,        :       Civil Action No. 17-01575
                                         :
    v.                :       Chief Magistrate Judge
                                         :       Maureen P. Kelly
                                         :
DR. PAUL NOEL and                        :
DR. MICHAEL HERBIK,                      :
                                         :       Filed via Electronic Case Filing
    Defendants.       :

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the forgoing DOC Defendant's Answer to Complaint with Affirmative Defenses has been filed electronically and is available for viewing and downloading from the ECF system by Bret Grote and Louis J. Kroeck, IV, counsel for Plaintiff, and therefore satisfies the service requirements under *Fed.R.Civ.P. 5(b)(2)(E); L.Cv.R. 5.6.*

/s/Shelly R. Holley
Shelly R. Holley
Legal Assistant
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA  17050
(717) 728-7763

Dated: February 1, 2018