IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

DAVID PIERGROSSI,

    Plaintiff,

vs.

DR. PAUL NOEL and
DR. MICHAEL HERBIK,

    Defendants.

*FILED ELECTRONICALLY*

CIV. ACTION NO.  2:17-cv-01575

## BRIEF IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Defendant, Dr. Michael Herbik ("Moving Defendant"), by and through his attorneys, Weber Gallagher, hereby submits the following Brief in Support of his Motion to Dismiss Plaintiff's Complaint.

### I.  STATEMENT OF THE CASE

This is a §1983 lawsuit brought by Plaintiff, David Piergrossi, an inmate in the custody of the Pennsylvania Department of Corrections and currently housed at SCI-Fayette.  Mr. Piergrossi contends that the Defendants denied him treatment for Hepatitis C for more than two years and that this violated his civil rights under the Eighth Amendment to the United States Constitution.  Mr. Piergrossi also brings a medical malpractice claim against the Defendants.  Dr. Herbik now moves to dismiss Plaintiff's Complaint, as Mr. Piergrossi did not exhaust his administrative remedies and because his claims are barred by the Statute of Limitations.

## II.     LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the complaint filed by Plaintiff.  The United States Supreme Court has held that "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (*citing* Papasan v. Allain, 478 U.S. 265, 286 (1986)).

The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff.  However, as the Supreme Court made clear in Twombly, the "factual allegations must be enough to raise a right to relief above the speculative level." Id.  After Ashcroft v. Iqbal, 556 U.S. 662 (2009), a district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

First, the Court must separate the factual and legal elements of the claim. Id. at 210-11.  Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts." Id. at 211

(*citing* Iqbal 556 U.S. at 678-79).  The determination for plausibility will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 211 (*quoting* Iqbal 556 U.S. at 678-79).  "Pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss."  Id. at 211.  That is, "all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible.  This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Id. at 210 (*quoting* Iqbal, 556 U.S. at 678).

### III.  ARGUMENT

   **A.  PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES AND IS ACCORDINGLY BARRED FROM PURSUING A FEDERAL LAW CAUSE OF ACTION BY THE PRISONER LITIGATION REFORM ACT, 42 U.S.C. §1997e.**

Although Mr. Piergrossi filed two grievances related to the alleged denial of treatment for Hepatitis C, he failed to timely pursue said grievances and accordingly, procedurally defaulted.  Co-defendant, Dr. Paul Noel, has recently submitted a Motion for Partial Summary Judgment based on Mr. Piergrossi's failure to exhaust his administrative remedies.  See ECF Nos. 16-19.  In support of his Motion, Dr. Noel submitted an Appendix, which includes the Pennsylvania

Department of Corrections' Grievance Policy (DC-ADM 804), the Declaration of Rhonda House, Mr. Piergrossi's grievance chart, and the two grievances relative to the alleged denial of medical care. See ECF No. 17. In lieu of reattaching the same exhibits here, moving Defendant hereby incorporates, as if the same were fully set forth herein, Exhibits A-E attached to Defendant Paul Noel's Appendix in support of his Motion for Partial Summary Judgment [ECF No. 17]. They will be referred to by ECF docket number and page, for ease of reference.

A provision of the Prison Litigation Reform Act of 1995 ("Federal PLRA"), 42 U.S.C.§1997e(a), directs that: "No action shall be brought with respect to prison conditions under Section 1983…or any other Federal law, by a prisoner…until such administrative remedies as are available are exhausted." Therefore, under Section 1997e(a), a state prisoner must exhaust all available administrative remedies with regard to each and every issue prior to seeking relief pursuant to 42 U.S.C.§1983 or any other federal law. The exhaustion requirement applies to all prisoners seeking redress for any prison circumstances or occurrences, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 992, 152 L. Ed. 2d 12 (2002).

The Pennsylvania Department of Corrections provides an administrative grievance system that requires inmates to file formal written grievances following

unsuccessful informal resolution of a problem. DC-ADM 804 ("804") is the Department's Consolidated Inmate Grievance Review System.  If an inmate is dissatisfied with the initial review response, the inmate may appeal to the facility manager or the Superintendent.  If this result is also unsatisfactory, the inmate can appeal to final review with the Chief of the Secretary's Office of Inmate Grievances and Appeals (SOIGA).  Properly completing the process through the final appeal on the merits with SOIGA is a prerequisite to filing any federal suit. Determining whether a plaintiff has properly exhausted the grievance process is relatively simple in most cases – if SOIGA has considered the grievance on its merits, even if they denied it or upheld denials below – it has been exhausted.

The grievance process must be complied with before administrative remedies will be deemed exhausted.  This is true even if the grievance process cannot possibly provide the inmate with the relief that he desires.  Nyhuis v. Reno, 204 F.3d 65, 66-67 (3d Cir. 2000).  In addition, a Plaintiff must ***properly*** comply with the grievance process or risk suffering a procedural default – he cannot choose to thumb his nose at the requirements of timeliness or providing appropriate documentation.  Spruill v. Gillis, 372 F.3d 218, 228 (3d Cir. 2004).

Importantly, an 'untimely or otherwise procedurally defective administrative grievance' does not satisfy the PLRA's exhaustion requirement.  Woodford v. Ngo, 548 U.S. 81, 83-84 (2006); Couch v. Tritt, 2016 U.S. Dist. LEXIS 7472, at

*14-15 (M.D. Pa. 2016). "Applying this procedural default standard to § 1997e's exhaustion requirement, courts have concluded that inmates who fail to fully, or timely, complete the prison grievance process are barred from subsequently litigating claims in federal court." Wakeley v. Giroux, 2014 U.S. Dist. LEXIS 51989, at *43-44 (M.D. Pa. 2014).

In the instant matter, Mr. Piergrossi filed two grievances – Grievance Numbers 665565 and 672757 – regarding his medical care which is the subject of the instant action. Nonetheless, Mr. Piergrossi failed to comply with the written policies regarding grievance appeals and therefore, did not properly exhaust his administrative remedies. Grievance No. 665565 was ultimately dismissed at the final appeal level (SOIGA) without a decision on the merits, as the grievance was untimely. See ECF No. 17, pp. 42-49. Grievance No. 672757 was not appealed to final review. See ECF No. 17, pp. 42, 50-56. The following more particularly describes the path of Mr. Piergrossi's grievances:

### *Grievance No. 665565*

- Mr. Piergrossi filed a grievance which he dated February 20, 2017, and which became Grievance No. 665565. In this Grievance, Mr. Piergrossi states:

  > I am filing this Grievance because the continued refusal of DOC to treat my hepatitis C is causing me ongoing health problems…I should have been treated years ago, but the DOC has denied and delayed treatment without any medical justification. I am requesting treatment with direct-acting antiviral drugs.

ECF No. 17, pp. 48-49.

- On February 22, 2017, the facility grievance coordinator, Rhonda A. House, rejected Grievance No. 665565 as untimely, because the grievance was not submitted within fifteen working days after the events upon which claims are based.  ECF No. 17, p. 47.

- Mr. Piergrossi appealed the aforementioned rejection and on March 21, 2017, the Facility Manager dismissed the Grievance as untimely, writing:

    > Your grievance was rejected based on Reason #2.  Reason #2 indicates the grievance was not submitted within fifteen (15) working days after the events upon which claims are based. You also did not provide a specific date in Section A of this grievance.  In the body of your original grievance you only state 'ongoing health problems'.  In your appeal of your rejected grievance you again use the term 'ongoing'.  This does not specify when the event occurred.  Policy permits you five (5) working days to correct your rejected grievance and resubmit it.  You chose instead to appeal the rejected.
    >
    > Your appeal is denied and your grievance is dismissed.

    ECF No. 17, p. 44.

- Grievance No. 665565 was ultimately denied at the final appeal level, SOIGA, on May 2, 2017, without a decision on the merits.  In the Final Appeal Decision Dismissal, Chief Grievance Officer Dorina Varner found that the grievance was properly rejected at the facility level because it was untimely, and stated:

    > The record reflects that you did not provide a date to prove timeliness of this issue.  The record reflects that you filed grievance #672757 which was accepted on this same issue and is currently being reviewed.  Since you filed a new grievance and included a date, this grievance rejection is being upheld.  You will be provided a response to your issue in grievance 672757.

ECF No. 17, p. 43.

Because Grievance No. 665565 was rejected as untimely it does not satisfy the PLRA's exhaustion requirement.  See Woodford v. Ngo, 548 U.S. 81, 83-84 (2006); Couch v. Tritt, 2016 U.S. Dist. LEXIS 7472, at *14-15 (M.D. Pa. 2016).

### *Grievance No. 672757*

- While awaiting a response from SOIGA on Grievance No. 665565, Mr. Piergrossi submitted a second grievance on April 11, 2017, which became Grievance No. 672757, relative to his complaints of the denial of treatment for Hepatitis C.  He states, in part:

  > I am filing this grievance because the continued refusal of DOC to treat my hepatitis C is causing me ongoing health problems…
  > …
  > DOC has known I have been in need of treatment for hepatitis C since I became incarcerated again in May 2015.
  > …
  > Every day I am not treated, including and up to the present and the 15 previous working days before filing this grievance I have been in need of treatment and been refused such in violation of my rights under the Eighth Amendment and sate medical malpractice law.

  ECF No. 17, p. 56.

- The **Initial Review** of Grievance No. 672757 was provided by the Corrections Health Care Administrator, Nedra Grego, on April 24, 2017.  Ms. Grego states:

  > According to your medical records, you were approved to receive the Hepatitis C treatment.  You also had other medical issues that had to be addressed, such as anemia, blood in your stools and varices.  During this process several tests were ordered and at one time you refused to have a CT scan completed in February of 2017.  You also wrote a request to the

> Infectious Control Nurse that you wanted any testing or the pursuit of the Hepatitis C treatment to be discontinued. The Nurse scheduled you with Dr. Herbik and you continued to refuse to have the CT scan completed and it was discontinued. On 2/11/2017 you received a misconduct for having a positive urine for drugs. It is outlined in DOC policy 13.2.1 Section 20 that if you receive a drug related misconduct in the previous 12 months of incarceration, you will be excluded from the Hepatitis C treatment.
> In conclusion: The DOC is not refusing to treat your Hepatitis C. You were approved the Hepatitis C treatment. You received a misconduct for a positive drug screen. The Hepatitis C Treatment Committee was made aware of your misconduct. It is determined by the Committee and DOC policy that you were no longer approved for this treatment.
>
> This Grievance is denied.

ECF No. 17, p. 54.

- Mr. Piergrossi **appealed the Initial Review** on May 7, 2016. See ECF No. 17, pp. 51-52.

- The **Facility Manager** upheld the Initial Review on May 22, 2017, writing in part:

    > After careful evaluation of this grievance, it has been determined that the action and response provided by the investing grievance officer will be upheld. I find the issues, raised at first-level appeal, were addressed appropriately and responsibly by staff at initial review.
    >
    > Based on the above information your appeal and all requested relief are denied.

    ECF No. 17, p. 50.

- Mr. Piergrossi **did not appeal this determination to final review**. See ECF No. 17, p. 41-42.

In spite of being given an opportunity to correct his initial deficient/untimely grievance, receiving specific instructions on how to correct same, and filing a second grievance regarding his medical care, in which Mr. Piergrossi's complaints were addressed substantively, Mr. Piergrossi ultimately failed to appeal Grievance No. 672757 to the final level and, as a result, Plaintiff has failed to exhaust his administrative remedies.  Accordingly, pursuant to the Prisoner Litigation Reform Act, 42 U.S.C. §1997e, Mr. Piergrossi is precluded from initiating the instant action and dismissal of any and all claims asserted against Moving Defendant, Dr. Michael Herbik, is proper.

**B. PLAINTIFF'S CLAIMS REGARDING THE ALLEGED DENIAL OF TREATMENT FOR HEPATITIS C ARE BARRED BY THE STATUTE OF LIMITATIONS.**

In his Complaint, Mr. Piergrossi contends that he was "known to have advanced cirrhosis with esophageal varices at the time of his re-entering DOC custody in May 2015" and that "he was denied hepatitis C treatment for more than two years." ECF No. 1, ¶¶ 31-32.  Based on the foregoing, Mr. Piergrossi brings claims for deliberate indifference in violation of the Eighth Amendment and for medical malpractice, both of which have a two-year statute of limitations. Notwithstanding, Mr. Piergrossi did not initiate suit until December 2017 and, therefore, his claims are time-barred and his Complaint must be dismissed as a matter of law.

Upon considering a motion to dismiss on the basis of the statute of limitations, a district court must determine "whether 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" Cito v. Bridgewater Township Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989); Shakuur v. Costello, 230 Fed. Appx. 199, 200 (3d Cir. Pa. 2007). In Wilson v. Garcia, 471 U.S. 261, 85 L. Ed. 2d 254, 105 S. Ct. 1938 (1985), the Supreme Court determined after extensive discussion that all 1983 actions should be classified as claims for personal injury for the purpose of determining the limitations period under the applicable state law. Garcia, 471 U.S. at 272-76, 280. The Pennsylvania limitations period for personal injury actions is two years. Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. Pa. 1993).

Section 1983 claims "accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." Wilson v. Giesen, 956 F.2d 738, 740 (7th Cir. 1992). In a case involving alleged refusal of necessary medical treatment, "the limitations period runs from the time plaintiff reasonably should have known that the defendant was deliberately indifferent to his serious medical need, and not from the time the full extent of any loss or damages resulting from the constitutional violation was known." See Two Rivers v. Lewis, 174 F.3d 987, 992 (9th Cir. 1999) (limitations period runs from time plaintiff "knew or had reason to know of the [defendant's] deliberate indifference to his medical needs");

Hill v. Godinez, 955 F. Supp. 945, 950-51 (N.D. Ill. 1997) (limitations period for §1983 Estelle claim commenced when surgery was not performed at time recommended). Stires v. Zettlemoyer, 2000 U.S. Dist. LEXIS 4232, 4-5 (E.D. Pa. Mar. 31, 2000) ("Plaintiff clearly knew or should have known of the denial or delay of medical treatment by defendant . . . when surgery was recommended and then not provided.")

Within his Complaint, Mr. Piergrossi repeatedly admits that the alleged deliberate indifference (the denial of Hepatitis C treatment) was present for more than two years. See ECF No. 1, ¶¶ 4, 31-32, 68, 76, 82, 86. According to the Complaint, Plaintiff's "history in the DOC, extending back more than 15 years, includes documentation of his chronic hepatitis C infection." ECF No. 1, ¶ 48. Mr. Piergrossi further alleges that his "treatment was delayed for more than two years after his medical screening in May 2015 which indicated that plaintiff had hepatitis C and cirrhosis and as such was eligible for treatment as a matter of DOC's policy." ECF No. 1, ¶ 68. By Mr. Piergrossi's own admissions, the alleged denial of treatment for Hepatitis C began in May 2015 upon his re-entry into the DOC and was ongoing until July 19, 2017 when he received direct activing antiviral medication. ECF No. 1, ¶¶ 49, 66. Thus, Plaintiff knew or should have known of the alleged deliberate indifference and medical malpractice in May of 2015. Because the statute of limitations on Mr. Piergrossi's claims for the

deliberate indifference and medical malpractice based upon the alleged denial of treatment for Hepatitis C expired in May of 2017 and suit was initiated thereafter, Plaintiff's allegations are now time-barred and these claims must be dismissed.

## IV.    CONCLUSION

Based on the foregoing, Defendant, Dr. Michael Herbik, respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiff's Complaint.

>                    WEBER GALLAGHER SIMPSON STAPLETON
>                    FIRES & NEWBY LLP
>
>                BY:  /s/ Meghan K. Adkins
>                    Meghan K. Adkins, Esquire
>                    madkins@wglaw.com
>                    PA ID No. 320908
>
>                     /s/ Samuel H. Foreman
>                    Samuel H. Foreman, Esquire
>                    sforeman@wglaw.com
>                    PA ID No. 77096
>
>                    Four PPG Place
>                    5th Floor
>                    Pittsburgh, PA 15222
>                    (412) 281-4541
>                    (412) 281-4547 FAX

Dated:  February 5, 2018

## **CERTIFICATE OF SERVICE**

I, Meghan Adkins, Esquire, hereby certify that on this date a true and correct copy of the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT** was served upon the following counsel *via* CM/ECF:

Bret. D. Grote, Esquire
Abolitionist Law Center
P.O. Box 8654
Pittsburgh, PA 15221

Kelly Hoke, Esquire
Chief Counsel's Office
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050

/s/ Meghan K. Adkins
Meghan K. Adkins, Esquire

Dated:  February 5, 2018