IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

DAVID PIERGROSSI,

    Plaintiff,

    vs.

DR. PAUL NOEL and
DR. MICHAEL HERBIK,

    Defendants.

**FILED ELECTRONICALLY**

CIV. ACTION NO.  2:17-cv-01575

## **ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Dr. Michael Herbik ("Moving Defendant"), by and through his attorneys, Weber Gallagher Simpson  Stapleton Fires & Newby, LLP, and hereby files the following Answer and Affirmative Defenses to Plaintiff's Complaint.

## **JURISDICTION**

1.     The corresponding paragraph of Plaintiff's Complaint is merely a prefatory statement of the causes of action pled by Plaintiff.  To the extent an answer or response is expected or required, Defendant denies the allegations of the corresponding paragraph of Plaintiff's Complaint.

2.     The corresponding paragraph of Plaintiff's Complaint is merely a prefatory statement that the Court has jurisdiction.  Defendant admits that jurisdiction is appropriate.  To the extent an answer or response is expected or

required, Defendant denies the allegations of the corresponding paragraph of Plaintiff's Complaint.

3.     The corresponding paragraph of Plaintiff's Complaint is merely a prefatory statement that the venue is appropriate.  Defendant admits that venue is appropriate.   To the extent an answer or response is expected or required, Defendant denies the allegations of the corresponding paragraph of Plaintiff's Complaint.

## **PARTIES**

4.     Denied as stated.  It is admitted only that, at all times relevant to the Complaint, David Piergrossi was an adult individual who was incarcerated within the Pennsylvania Department of Corrections at SCI-Fayette.  All other allegations are denied and, if relevant, strict proof thereof is demanded at trial.

5.     The corresponding paragraph of Plaintiff's Complaint is directed at other parties and, upon information and belief, no answer is expected or required from this Defendant.  To the extent any such response is required, Defendant otherwise denies the remaining allegations of the corresponding paragraph of Plaintiff's Complaint.

6.     Denied as stated.  It is admitted only that Dr. Michael Herbik is a physician at SCI-Fayette.  All other allegations contained within the corresponding

paragraph of Plaintiff's Complaint are legal conclusions for which no response is required.

## STATEMENT OF FACTS

7.     The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied and, if relevant, strict proof thereof is demanded at trial.  Moreover, the allegations contained within the corresponding paragraph of Plaintiff's Complaint are legal conclusions for which no response is required.

### Hepatitis C

8.     The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied as medical conclusions, for which no response is required.  If relevant, strict proof thereof is demanded at trial.

9.     The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied as medical conclusions, for which no response is required.  If relevant, strict proof thereof is demanded at trial.

10.     The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied as medical conclusions, for which no response is required.  If relevant, strict proof thereof is demanded at trial.

11.     The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied as medical conclusions, for which no response is required.  If relevant, strict proof thereof is demanded at trial.

12.     The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied as medical conclusions, for which no response is required.  If relevant, strict proof thereof is demanded at trial.

13.     The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied as medical conclusions drawn from hearsay materials, for which no response is required.  If relevant, strict proof thereof is demanded at trial.[1]

15.     The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied as medical conclusions drawn from hearsay materials, for which no response is required.  If relevant, strict proof thereof is demanded at trial.

16.     The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied as medical conclusions, for which no response is required.  If relevant, strict proof thereof is demanded at trial.

17.     The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied as medical conclusions, for which no response is required.  If relevant, strict proof thereof is demanded at trial.

---

[1]  Note that the Complaint does not have a paragraph numbered 14 so the Answer numbering will here correspond to that of the Complaint.

18.     The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied as legal and medical conclusions, for which no response is required.  If relevant, strict proof thereof is demanded at trial.

19.     The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied as legal and medical conclusions, also based on hearsay, for which no response is required.   If relevant, strict proof thereof is dcmandcd at trial.

20.     The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied as medical conclusions based on hearsay, for which no response is required.  If relevant, strict proof thereof is demanded at trial.

**Hepatitis C and the Policy of The Pennsylvania DOC**

21.     The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied as legal and medical conclusions, for which no response is required.  If relevant, strict proof thereof is demanded at trial.

22.     Defendant is without sufficient information to form a belief as to the truth of the allegations of the corresponding paragraph of Plaintiff's Complaint. To the extent any such response is required, Defendant otherwise denies the remaining allegations of the corresponding paragraph of Plaintiff's Complaint.

23.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied.

24.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied.

25.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied.

26.     The corresponding paragraph of Plaintiff's Complaint references a written document which speaks for itself.  Any attempt to misphrase, paraphrase, or misstate the same is denied and, if relevant, strict proof thereof is demanded at trial.

27.     The corresponding paragraph of Plaintiff's Complaint references a written document which speaks for itself.  Any attempt to misphrase, paraphrase, or misstate the same is denied and, if relevant, strict proof thereof is demanded at trial.

28.     The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied as medical conclusions, for which no response is required.  If relevant, strict proof thereof is demanded at trial.

29.    The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied as medical conclusions, for which no response is required.  If relevant, strict proof thereof is demanded at trial.

30.    The Opinion articulated in the corresponding paragraph of Plaintiff's Complaint is a document that speaks for itself, and is also not a binding precedent on this Court.   Any attempt to misphrase, paraphrase, or misstate the same is denied and, if relevant, strict proof thereof is demanded at trial.

31.    Mr. Piergrossi's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

32.    Mr. Piergrossi's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

33.    The corresponding paragraph of Plaintiff's Complaint references a written document which speaks for itself.  Any attempt to misphrase, paraphrase,

or misstate the same is denied and, if relevant, strict proof thereof is demanded at trial.

34.     The corresponding paragraph of Plaintiff's Complaint references a written document which speaks for itself.  Any attempt to misphrase, paraphrase, or misstate the same is denied and, if relevant, strict proof thereof is demanded at trial.

35.     The corresponding paragraph of Plaintiff's Complaint references a written document which speaks for itself.  Any attempt to misphrase, paraphrase, or misstate the same is denied and, if relevant, strict proof thereof is demanded at trial.

36.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied.

37.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied.

38.     Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied.

39.   The corresponding paragraph of Plaintiff's Complaint references written documents which speak for themselves.  Any attempt to misphrase, paraphrase, or misstate the same is denied and, if relevant, strict proof thereof is demanded at trial.

40.   The corresponding paragraph of Plaintiff's Complaint references a written document which speaks for itself.  Any attempt to misphrase, paraphrase, or misstate the same is denied and, if relevant, strict proof thereof is demanded at trial.

41.   The corresponding paragraph of Plaintiff's Complaint references a written document which speaks for itself.  Any attempt to misphrase, paraphrase, or misstate the same is denied and, if relevant, strict proof thereof is demanded at trial.

42.   Mr. Piergrossi's course of care and treatment is as set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in the Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant. [2]

46.   The Opinion articulated in the corresponding paragraph of Plaintiff's Complaint is a document that speaks for itself, and has no precedential effect on

---

[2] Plaintiff's Complaint jumps from paragraph 42 to 46, omitting paragraphs 43-45.  Answering Defendant has responded to the paragraphs as they are numbered in the Complaint.

this case.  Any attempt to misphrase, paraphrase, or misstate the same is denied and, if relevant, strict proof thereof is demanded at trial.

47.     The corresponding paragraph of Plaintiff's Amended Complaint states legal conclusions to which an answer is not required.  To the extent an Answer is expected or required, Defendant denies the allegations of the corresponding paragraph of Plaintiff's Amended Complaint.

### The Plaintiff's Medical Care

48.     Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

49.     Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

50.     Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or

are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

51.    Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

**TRANSFER**

52.    Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

53.    Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

54.    The corresponding paragraph of Plaintiff's Complaint references a written document which speaks for itself.  Any attempt to misphrase, paraphrase,

or misstate the same is denied and, if relevant, strict proof thereof is demanded at trial.

55.    Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

56.    Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

**HERBIK'S ROLE**

57.    Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

58.    Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the

allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.  Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied.

59.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied. By way of further response, the corresponding paragraph of Plaintiff's Complaint references a written document which speaks for itself.  Any attempt to misphrase, paraphrase, or misstate the same is denied and, if relevant, strict proof thereof is demanded at trial.

60.    Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within the corresponding paragraph of Plaintiff's Complaint and same are, therefore, denied. By way of further response, the corresponding paragraph of Plaintiff's Complaint references a written document which speaks for itself.  Any attempt to misphrase, paraphrase, or misstate the same is denied and, if relevant, strict proof thereof is demanded at trial.

61.     The corresponding paragraphs of Plaintiff's Complaint are directed at other parties and, upon information and belief, no answer is expected or required from this Defendant.   To the extent any such response is required, Defendant otherwise denies the remaining allegations of the corresponding paragraph of Plaintiff's Complaint.

62.     The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied and, if relevant, strict proof thereof is demanded at trial.

**PLAINTIFFS TREATMENT**

63.     The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied and, if relevant, strict proof thereof is demanded at trial.

64.     Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.   To the extent that the allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

65.     The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied and, if relevant, strict proof thereof is demanded at trial.

14

66.     Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

67.     Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

68.     Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

69.     Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

70.    Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

71.    Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

72.    Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

73.    Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

74.     Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

75.     Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

76.     Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

77.     Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

78.    Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.  By way of further response, the allegations contained within the corresponding paragraph of Plaintiff's Complaint are legal conclusions for which no response is required.

79.    The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied and, if relevant, strict proof thereof is demanded at trial.

80.    The corresponding paragraph of Plaintiff's Complaint references a written document which speaks for itself.  Any attempt to misphrase, paraphrase, or misstate the same is denied and, if relevant, strict proof thereof is demanded at trial.  The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied as medical conclusions, for which no response is required.  If relevant, strict proof thereof is demanded at trial.

81.    The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied and, if relevant, strict proof thereof is demanded at trial.

82.    Plaintiff's course of care and treatment is set forth in the medical records relevant to this case, which speak for themselves.  To the extent that the allegations contained in Plaintiff's Complaint are inconsistent with, differ from, or are contrary to said records, those allegations are specifically denied and strict proof thereof is demanded at trial, if relevant.

83.    The corresponding paragraph of Plaintiff's Complaint states legal conclusions, to which no response is required.  To the extent an answer or response is expected or required, Defendant denies the allegations of the corresponding paragraph of Plaintiff's Complaint.

84.    The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied and, if relevant, strict proof thereof is demanded at trial.

## CAUSES OF ACTION

**Count I – Deprivation of Eighth Amendment Right to Medical Care for Hepatitis C**

85.    Answering Defendant incorporates by reference the answer to paragraphs 1 through 84 inclusive, as though the same were set forth herein at length.

86.    The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied and, if relevant, strict proof thereof is demanded at trial.

### Count II – Medical Malpractice for failure to treat Plaintiff's hepatitis C

87.    Answering Defendant incorporates by reference the answer to paragraphs 1 through 86 inclusive, as though the same were set forth herein at length.

88.    The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied and, if relevant, strict proof thereof is demanded at trial.

89.    The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied and, if relevant, strict proof thereof is demanded at trial.

90.    The allegations contained within the corresponding paragraph of Plaintiff's Complaint are denied and, if relevant, strict proof thereof is demanded at trial.

WHEREFORE, Defendant, Dr. Michael Herbik, demands judgment in his favor and against the Plaintiff, dismissing Plaintiff's Complaint together with an award of costs and disbursements incurred by Answering Defendant, including attorneys' fees together with such other relief in favor of Answering Defendant as this Honorable Court shall deem appropriate under the circumstances.

## *AFFIRMATIVE DEFENSES*

### FIRST AFFIRMATIVE DEFENSE

To the extent Plaintiff's claims may be barred by the applicable statute of limitations, they must be dismissed.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to fully and properly exhaust available administrative remedies, as to any or all of the Defendants, and/or as to any or all matters complained about in the Amended Complaint, Plaintiff's claims against Defendants are barred by the Prisoner Litigation Reform Act, 42 U.S.C. §1997e.

### THIRD AFFIRMATIVE DEFENSE

Defendants pleads as defenses all limitations on damages imposed by 42 U.S.C. §1997e, including the limitation on recovery for mental or emotional injury and the limitation on attorneys' fees.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim for relief or cause of action upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

At no time did Defendants deprive Plaintiff of any right as protected under the Eighth Amendment to the United States Constitution, 42 U.S.C.A. § 1983 or any other state or federally protected right or privilege.

## SIXTH AFFIRMATIVE DEFENSE

At no time did Defendants demonstrate any indifference, deliberate or otherwise, toward any legitimate and/or serious medical need of the Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

At no time did Defendants fail to provide necessary medical care or otherwise refuse to treat or intentionally maltreat Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

At all times Plaintiff was provided reasonable and appropriate treatment in accordance with applicable state and federal laws and the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.

## NINTH AFFIRMATIVE DEFENSE

Any injuries and/or damages actually sustained by Plaintiff, which are herein specifically denied, were caused by himself or other persons, entities or events, over which Defendants had no control or duty to control.

## TENTH AFFIRMATIVE DEFENSE

The treatment afforded to Plaintiff was, at all material times, in accordance with the applicable standards of professional medical care.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants plead all defenses afforded to them pursuant to the MCARE Act at 40 P.S. 1303.101 et seq.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to allege and/or set forth a cognizable claim for punitive damages and/or exemplary damages against Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred in whole or reduced in part by the applicable doctrines of assumption of the risk, comparative negligence, and/or contributory negligence.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to allege and/or set forth a cognizable claim for a violation of 42 U.S.C. § 1983.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to allege and/or set forth a cognizable claim for vicarious liability.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants raise the defense of qualified immunity to the extent it may be deemed to apply.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's right to recovery, if any, is barred or limited to the extent he failed to mitigate damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend their Answer and Affirmative Defenses and to assert each and every affirmative defense as provided by Rules 8 and 12(b) of the Federal Rules of Civil Procedure or otherwise as the facts of this case are developed after investigation and discovery.

WEBER GALLAGHER SIMPSON STAPLETON
FIRES & NEWBY LLP

BY: ___/s/ Meghan K. Adkins___
Meghan K. Adkins, Esquire
madkins@wglaw.com
PA ID No. 320908

___/s/ Samuel H. Foreman___
Samuel H. Foreman, Esquire
sforeman@wglaw.com
PA ID No. 77096

Four PPG Place
5th Floor
Pittsburgh, PA 15222
(412) 281-4541
(412) 281-4547 FAX

Dated:  May 29, 2018

## CERTIFICATE OF SERVICE

I, Meghan Adkins, Esquire, hereby certify that on this date a true and correct

copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** was served

upon the following counsel *via* CM/ECF:


Bret. D. Grote, Esquire
Abolitionist Law Center
P.O. Box 8654
Pittsburgh, PA 15221

Kelly Hoke, Esquire
Chief Counsel's Office
Pennsylvania Department of Corrections
1920 Technology Parkway
Mechanicsburg, PA 17050


_____/s/ Meghan K. Adkins_____
Meghan K. Adkins, Esquire

Dated:  May 29, 2018